**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeffrey Lynn FRANKLIN,**
**Defendant–Appellant.**

No. 99–10515.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 2000

Filed Dec. 20, 2000

Donald J. Green, Las Vegas, Nevada, for the defendant-appellant.

Robert A. Bork, Assistant United States Attorney, Las Vegas, Nevada, for the plaintiff-appellee.

Before: Diarmuid F. O'Scannlain, Edward Leavy, and Ronald M. Gould, Circuit Judges.

RONALD M. GOULD, Circuit Judge:

A jury convicted Jeffrey Lynn Franklin ("Franklin") of eight counts of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g) and § 924(e). The district court sentenced Franklin to 180 months in prison for counts one, two, four, five, seven and eight of the eight-count indictment. The district court thereafter granted a habeas petition for unconstitutional multiplicity of counts charged in the indictment, vacated all but counts one and two, mooted Franklin's other habeas claims, and reinstated Franklin's right to direct appeal. The district court then re-sentenced Franklin to the same 180 months for counts one and two of the indictment. Franklin appeals this sentence contending that the district court erred by (1) considering firearms from vacated counts when computing the sentence on the remaining counts; (2) determining that prior burglary convictions qualified Franklin for sentencing under 18 U.S.C. § 924(e); (3) finding that Franklin's ineffective assistance of counsel claim was moot; and (4) refusing to grant a discretionary downward departure. We have jurisdiction pursuant to 18 U.S.C. § 3231, and affirm in part and reverse in part.

## FACTUAL AND PROCEDURAL HISTORY

In May 1993, Franklin was arrested for being a felon in possession of a firearm. Two years later Franklin was arrested again after admitting to possession of two more stolen firearms, commission of a burglary, and theft of a variety of firearms. Thereafter, the police recovered four more of Franklin's stolen firearms, and Franklin admitted to stealing one more firearm.

Franklin was charged with eight counts of being a felon in possession of a firearm, a count for each of the above-mentioned firearms, eight in all. A jury convicted Franklin of seven of the eight counts, (the government dismissed count six on the first day of trial). The district court sentenced Franklin to 180 months, the statutory minimum for being a felon in possession of a firearm with three or more prior violent felony convictions of burglary.[1]

Franklin, unassisted by counsel, attempted to file a series of motions under § 2255. The district court considered the motions and granted one in part, finding that counts two through eight should not have been separate counts. Accordingly, the district court vacated counts three, four, five, seven, and eight, reinstated the right to direct appeal and mooted Franklin's remaining claims, including claims of ineffective assistance of counsel.

The district court then re-sentenced Franklin to 180 months on counts one and two of the indictment. In re-sentencing, the district court applied a three-level enhancement for possession of eight to ten firearms, and in doing so, the court considered firearms charged in the vacated counts. Additionally, the court again applied the statutory minimum sentence for being a felon in possession of a firearm with three prior violent felony convictions pursuant to 18 U.S.C. § 924(e).

---

1. The indictment lists four prior criminal convictions: (1) robbery and assault with a deadly weapon; (2) second degree burglary; (3) first degree burglary; and (4) first degree burglary (two counts).

## DISCUSSION

### A. Vacated Counts

■ Franklin argues that, because the district court vacated all but counts one and two of the indictment, it erred by counting the firearms in the vacated counts when re-computing his sentence. We disagree.

■ This court reviews the district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Newland*, 116 F.3d 400, 402 (9th Cir.1997). Error that does "not affect the district court's choice of the sentence imposed," may be harmless and not require remand. *United States v. Rodriguez–Razo*, 962 F.2d 1418, 1420 (9th Cir. 1992).

■ A sentencing court has broad discretion to consider information in sentencing, including "conduct of which a defendant has been acquitted." *Newland*, 116 F.3d at 404 (citing *United States v. Watts*, 519 U.S. 148, 117 S.Ct. 633, 635, 136 L.Ed.2d 554 (1997)). The Sentencing Guidelines provide that "conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." *Id.* at 404 (quoting U.S.S.G. § 1B1.3, cmt (backg'd)).

In *Newland*, this circuit originally reversed a portion of the defendant's conviction, holding that the defendant could not be held liable for the subsequent acts of his coconspirators, and remanded for re-sentencing. 116 F.3d at 402. During re-sentencing, the district court interpreted the reversal to mean that it could not consider the reversed portion of the conviction (the drug quantities associated with the coconspirators' acts) when calculating Newland's offense level. *Id.* This circuit reversed again, holding that a sentencing court is permitted to consider conduct involved in a reversed conviction. *Id.* at 404.

*Newland* is controlling here. The district court vacated the convictions for all but two counts of the indictment because the indictment and jury instructions conflicted with Ninth Circuit law providing that "[o]nly one offense is charged for possession of firearms by a felon, regardless of the number of firearms involved, absent a showing that the firearms were stored or acquired at different times and places." *United States v. Szalkiewicz*, 944 F.2d 653, 653 (9th Cir.1991). Because the district court found that neither the indictment nor the jury instructions properly demonstrated that the firearms in Franklin's possession were or had been "stored or acquired at different times and places," it found counts three, four, five, seven, and eight unconstitutionally duplicative of count two.

In sentencing, however, the district court determined that it properly could consider the firearms in the vacated counts, stating that under *Newland*, "the conduct underlying a reversed or vacated conviction can be considered as relevant conduct in determining the guideline range." The district court also found by a preponderance of the evidence that Franklin actually possessed the firearms underlying the vacated convictions, noting the undisputed nature of that fact. We hold that the district court, pursuant to U.S.S.G section 2K2.1(b)(1)(C),[2] properly enhanced Franklin's sentence by three levels because, when the firearms in the vacated counts were included, the offense involved eight firearms.

### B. Predicate Offenses

Franklin argues that the district court erroneously enhanced his sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),[3] because his

---

2. If an offense involved three or more firearms, the court is to add three levels if the number of firearms is between eight and twelve. U.S.S.G. § 2K2.1(b)(1)(C).

3. Section 924(e) provides a sentencing enhancement for a defendant who is convicted under 18 U.S.C. § 922(g) (unlawful possession of a firearm) and who has three prior

three predicate burglary offenses were charged pursuant to a California statute[4] that does not meet the definition of "burglary" for the purposes of § 924(e). We agree.

■ We review de novo whether a conviction is a predicate felony under § 924(e). *United States v. Bonat*, 106 F.3d 1472, 1474 (9th Cir.1997).

In *Taylor v. United States*, the Supreme Court held that a predicate offense constitutes "burglary" for the purpose of a § 924(e) sentence enhancement if (1) its statutory definition "substantially corresponds" to certain burglary elements set forth by the Court and termed "generic burglary," or (2) the charging paper and jury instructions actually required the jury to find all the elements of generic burglary to convict the defendant. 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). In so holding, the Court endorsed a "formal categorical approach" that generally requires "the trial court to look only to the fact of conviction and the statutory definition of the prior offense," but under narrow circumstances allows "the sentencing court to go beyond the mere fact of conviction where a jury was actually required to find all the elements of generic burglary." *Id.; see also Bonat*, 106 F.3d at 1475–76 (referring to the first approach as the "categorical approach" and the second approach as "the narrow exception" to the categorical approach).

The Court defined "generic burglary" for the purpose of a § 924(e) enhancement as a crime having "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599, 110 S.Ct. 2143. We have previously and unequivocally held that California Penal Code section 459 is far too sweeping to satisfy the *Taylor* definition of generic burglary. *See, e.g., United States v. Parker*, 5 F.3d 1322, 1324–25 (9th Cir. 1993). *Taylor* instructs us to examine the charging instrument and jury instructions to determine whether the defendant was actually convicted of predicate crimes satisfying the generic definition of burglary. 495 U.S. at 602, 110 S.Ct. 2143.

convictions for specified types of offenses, including "burglary." *See Taylor v. United States*, 495 U.S. 575, 577–78, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The section provides in relevant part:

(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court ... for a violent felony ... such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....

(2) As used in this subsection—

. . . . .

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year ... that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

4. California Penal Code section 459 provides: Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, as defined in Section 21 of the Harbors and Navigation Code, floating home, as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, trailer coach, as defined in Section 635 of the Vehicle Code, any house car, as *defined in Section 362 of the Vehicle Code*, inhabited camper, as defined in Section 243 of the Vehicle Code, vehicle as defined by the Vehicle Code, when the doors are locked, aircraft as defined by Section 21012 of the Public Utilities Code, or mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary. As used in this chapter, "inhabited" means currently being used for dwelling purposes, whether occupied or not. A house, trailer, vessel designed for habitation, or portion of a building is currently being used for dwelling purposes if, at the time of the burglary, it was not occupied solely because a natural or other disaster caused the occupants to leave the premises.

■ Here, the government did not provide the district court with copies of the jury instructions from Franklin's prior convictions. Even though these jury instructions are not in the record before us, we are not necessarily precluded from considering Franklin's prior convictions under the ACCA. Rather, this circuit explicitly has expanded the types of documents that may permissibly be reviewed to determine whether a defendant was actually convicted of predicate crimes under § 924(e). *See United States v. Alvarez*, 972 F.2d 1000, 1005–06 (9th Cir.1992); *see also Parker*, 5 F.3d at 1327 (noting when another document "unequivocally demonstrates that the jury's findings satisfied [the *Taylor* generic burglary] requirement, we have overlooked the absence of jury instructions.").[5] Indeed, a sentencing court errs if it fails to consider "documentation or judicially noticeable facts that clearly establish" that the predicate conviction qualified under § 924(e). *See United States v. Sweeten*, 933 F.2d 765, 769 (9th Cir.1991). In determining the types of documents a sentencing court may consider to "clearly establish" the predicate offense, we are "mindful of the evil *Taylor* sought to prevent—inquiries into the underlying facts that would essentially turn the sentencing hearings into mini-trials on the issue of whether the prior crimes were committed." *Bonat*, 106 F.3d at 1476.

In this case, Franklin does not dispute that his prior conviction of robbery and assault with a deadly weapon constituted one predicate offense under the ACCA. Thus, we must determine whether the district court properly considered at least two out of the three prior burglary offenses to enhance Franklin's sentence under § 924(e). We have before us only two types of documents upon which the district court might have relied to enhance Franklin's sentence pursuant to § 924(e): the charging papers from the prior convictions and Franklin's presentence report ("PSR"). We must determine whether the district court properly relied upon the information contained in these documents to enhance Franklin's sentence.

■ First, the probation office gave the district court three charging papers for the three contested burglaries. Each document states that Franklin "did willfully and unlawfully enter" an inhabited building or residence "with the intent to commit larceny." These definitions fit the generic definition of burglary as defined by the Supreme Court in *Taylor*. The govern-

5. In this circuit, sentencing courts may permissibly consider the following documents or combinations of documents to determine whether a defendant has committed a predicate offense for the purposes of a § 924(e) enhancement: charging papers and jury instructions, *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143; charging papers and judgment of conviction, *United States v. O'Neal*, 937 F.2d 1369, 1373 (9th Cir.1990) (reversed on other grounds); charging papers and a signed plea agreement, *United States v. Sweeten*, 933 F.2d 765, 772 (9th Cir.1991); transcript of a plea proceeding, *Bonat*, 106 F.3d at 1476–77; charging papers and judgment on a guilty plea when the judgment shows that a defendant pled guilty for reasons stated in the charging papers and the charging papers included the generic elements, *id.* at 1477–78; charging papers and verdict form when the verdict form refers back to the charging papers, and the charging papers lists the elements of generic burglary, *Alvarez*, 972 F.2d at 1005–06.

We have further held that the following document or combination of documents cannot "clearly establish" whether a defendant has committed a predicate offense for purposes of a § 924(e) enhancement: anything other than jury instructions combined with charging papers when the predicate offense was resolved by a jury trial, *O'Neal*, 937 F.2d at 1373 n. 5; verdict form and charging papers when the verdict form states the broad statute of conviction but does not "reflect the actual facts found by the jury in convicting the defendant," *Parker*, 5 F.3d at 1327; anything other than the statute of conviction if the jury instructions have been destroyed or lost, and the verdict form does not confirm the requisite factual findings, *id.* at 1328; the underlying facts of the predicate offenses, *United States v. Sherbondy*, 865 F.2d 996, 1010 (9th Cir.1988); an ambiguous presentence investigative report, *United States v. Potter*, 895 F.2d 1231, 1238 (9th Cir.1990); charging papers alone, *Parker*, 5 F.3d at 1327.

ment asserts accordingly that "[t]hese documents supply sufficient proof that these convictions are for 'generic burglary' to satisfy *Taylor* and require imposition of a sentence under ACCA." In this circuit, however, when jury instructions for prior convictions are unavailable, a sentencing court may not rely upon charging papers alone to determine if a prior jury conviction was for a violent felony under § 924(e). *Parker,* 5 F.3d at 1327. The *Parker* panel reasoned that if a sentencing court relied solely on the charging documents, it was possible that while a jury might have convicted the defendant of burglary, it might not have found all of the elements of generic burglary as required by *Taylor. Id.* ("We have recognized that the Court's main concern in *Taylor* was ensuring that the jury actually found all the requisite facts to render the offense a 'violent felony.'"). It would have been impermissible for the district court to have relied solely upon the charging documents to enhance Franklin's sentence.

▪ The probation office, however, also provided the district court with Franklin's PSR, which makes this a more difficult case. The PSR describes the three contested prior convictions that, according to the probation office, render Franklin an armed career offender with attendant consequences of lengthy imprisonment. For each conviction, the PSR lists the date and court of conviction, prison sentence, and representation by counsel. The PSR also recites the facts and circumstances of each crime. The PSR does not cite the statute of conviction for each crime.

If writing on a blank slate, we might contemplate the argument that if a court examined the probation office's descriptions of a defendant's prior offenses described in a PSR, it might be able to discern whether a defendant committed a crime that comported with *Taylor*'s generic definition of burglary. At least one circuit, on a plain error review, has accepted this approach. *See United States v. Balanga,* 109 F.3d 1299, 1303 (8th Cir.

1997) (upholding the district court's reliance on the facts of prior burglaries recited in an uncontested PSR when reviewing for plain error). We may not permissibly adopt such a rule. In our view, the Supreme Court in *Taylor* and this circuit in our precedents have foreclosed any approach that considers the underlying facts of prior convictions to determine whether a defendant was convicted by a jury or pleaded guilty to a predicate offense under the ACCA. *Taylor,* 495 U.S. at 602, 110 S.Ct. 2143; *United States v. Sherbondy,* 865 F.2d 996, 1010 (9th Cir.1988); *Bonat,* 106 F.3d at 1475 ("inquiry into the underlying facts of the conviction is ... prohibited under [the *Taylor* exception to the categorical approach]"). Moreover, in *United States v. Potter,* we stated that a PSR is not a form of "clearly reliable evidence" upon which a district court permissibly may rely to enhance a defendant's sentence under § 924(e). 895 F.2d 1231, 1238 (9th Cir.1990); *see also United States v. Matthews,* 226 F.3d 1075, 1086 (9th Cir. 2000) (Although the district court had before it a copy of the PSR, "the district court could not undertake a proper evaluation of Matthews's prior burglary convictions since it did not have before it records of the prior convictions or the statutes under which the prior convictions were imposed. In such circumstances, the imposition of [an ACCA] enhancement is an error of law.").

In *United States v. Romero–Rendon,* we noted that *Potter* did not teach us that a PSR can *never* be clear and convincing evidence of any of the information it details for sentencing purposes. 220 F.3d 1159, 1163 (9th Cir.2000). Rather, in *Romero–Rendon* we held that when a PSR specifies the statute of conviction and the defendant does not contest the accuracy of the PSR, the district court does not err by relying on the PSR to enhance a sentence for criminal history based on a prior aggravated felony conviction because the PSR alone provides clear and convincing evidence of the previous conviction. *Id.* at

1165. We distinguished *Potter*, however, noting that in *Potter* "we considered the issue of enhancements in the context of 18 U.S.C. § 924(e)(1)," *id.* at 1163, while in *Romero–Rendon*, we considered the issue in the context of calculating criminal history points under the Federal Sentencing Guidelines. *Id.* at 1161–62. Further, we distinguished *Potter* because the PSR in *Potter*, unlike the PSR in *Romero–Rendon*, did not include the statute under which the defendant was previously convicted for one of the prior crimes:

> [In *Potter*,] we were stymied because the PSR did not specify under which section of the state penal code the defendant had been [previously] convicted. Although the PSR gave a short description of the [prior] offense, the sentencing court was required to look to the specific statutory definition of the offense of which the defendant was convicted. Because the PSR did not specify which statute the defendant had been convicted of violating, we could not determine, based on the PSR, whether the defendant's prior conviction fell under the definition of a violent felony.... Only then did we observe ... that a district court should have copies of the judgment before it determines whether a previous conviction qualifies as a violent felony [under § 924(e) ].

*Id.* at 1164 (internal citations omitted).

Here, Franklin's case most closely resembles *Potter*, not *Romero–Rendon*. As in *Potter*, we must consider the issue in the context of § 924(e), not in the context of a criminal history category enhancement. Further, here, as in *Potter*, the PSR does not include a statute of conviction for the three contested burglaries. We conclude that *Potter*, which addresses use of a PSR for purposes of the ACCA, rather than *Romero–Rendon*, which addresses use of a PSR for purposes of guideline sentencing enhancement, controls our decision. Under *Potter*, it would have been impermissible for the district court to have relied solely upon the PSR to enhance Franklin's sentence.

The question of first impression that we must still address is whether the sentencing court permissibly may have relied upon the charging papers (insufficient alone) in conjunction with the PSR (also insufficient alone) to enhance Franklin's sentence. The probation office, in its addendum to the PSR, urges that such a conjunctive reliance is permissible. We disagree.

While in some cases a sentencing court properly might cumulate documentation of prior criminal convictions to find that such documentation "clearly establishes" a prior criminal conviction, in the context of an enhancement under the ACCA for burglary, such cumulation is only appropriate if the documents together establish that "the jury actually found all the requisite facts to render the offense a 'violent felony.'" *Parker*, 5 F.3d at 1327, or that the defendant pled guilty to an offense involving these same requisite facts. *Sweeten*, 933 F.2d at 769. Neither the charging documents nor the facts recited in Franklin's PSR, uncontested or contested, establish that a jury actually found beyond a reasonable doubt, or that Franklin plead guilty to, all of the requisite facts necessary to render Franklin's prior convictions burglaries under the generic definition of burglary in *Taylor*. When we consider the charging papers together with the PSR, we are no closer to knowing what a jury actually found or what Franklin actually admitted in a plea than when we consider each type of document on its own. This conclusion places a burden on the government, but a proper one. The government must prove that a jury convicted a defendant of all of the elements of generic burglary, which thereby were proved beyond a reasonable doubt; or, the government must prove that the defendant by plea admitted to all of the elements of generic burglary. The government did not meet its burden here. We hold that the district court erred by relying upon the

information contained in the charging documents together with the facts recited in the PSR to enhance Franklin's sentence under the ACCA.

### C. Ineffective Assistance of Counsel

 When the district court granted in part Franklin's habeas petition and ordered re-sentencing, it dismissed as moot Franklin's claims of ineffective assistance of counsel. Because any prejudice that Franklin might have suffered due to his trial counsel's ineffectiveness has been cured by resentencing and re-instatement of direct appeal, we conclude that the district court did not err by finding Franklin's ineffective assistance claims moot. *See, e.g., Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome").

### D. Downward Departure

Franklin argues that the district court abused its discretion by refusing to grant a downward departure for significant post-conviction rehabilitation. We lack jurisdiction to review his claim.

 This court reviews de novo a district court's determination that it lacks authority to depart downward from the Federal Sentencing Guidelines, but it may not review a district court's discretionary refusal to grant a downward departure. *United States v. Tucker,* 133 F.3d 1208, 1214 (9th Cir.1998).

Here, the district court first stated that it agreed with a government motion that the court could not depart due to the mandatory minimum sentence under § 924(e). The court next stated that it would address the merits of the downward departure because "*Koon* I think invites the court to consider factors including post-original sentencing rehabilitation, are relevant." Franklin does not argue that the district court erred by finding

that it lacked authority to grant the downward departure, but merely argues that the district court abused its discretion by refusing to downward depart. We lack jurisdiction to review the district court's discretionary ruling on the merits of a downward departure.

### CONCLUSION

We conclude that the district court erred when it determined that Franklin's prior burglary convictions constituted predicate offenses for sentencing under 18 U.S.C. § 924(e). Accordingly, we REVERSE and REMAND for resentencing on the record as it now stands, *see Matthews,* 226 F.3d at 1086, and AFFIRM the remainder of Franklin's claims of error.