**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anna Tran NORDSTROM,**
**Defendant–Appellant.**

No. 99–50748.

D.C. No. CR–96–00150–AHS–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 23, 2001.*

Decided April 2, 2001.

Before WALLACE, SNEED, and SKOPIL, Circuit Judges.

MEMORANDUM **

Anna Tran Nordstrom was convicted of making false statements to federally in-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

sured institutions in violation of 18 U.S.C. § 1014. Her appellate counsel filed this appeal pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), identifying potential issues regarding Nordstrom's conviction and sentence. Our task is to determine whether there are any meritorious issues. *See Anders,* 386 U.S. at 744. We conclude there are none, and accordingly, we affirm.

## DISCUSSION

### 1. *Jury Instructions*

■ Nordstrom objected to an aiding and abetting instruction because the government had alleged that she was a direct participant in the crimes charged. An aiding and abetting instruction, however, may be given "even though this theory is not charged in the indictment." *See United States v. Batimana,* 623 F.2d 1366, 1370 n. 3 (9th Cir.1980); *see also United States v. Vaandering,* 50 F.3d 696, 702 (9th Cir. 1995) (noting that "[a]iding and abetting may be implied in every substantive federal offense"). We agree with the district court that there was sufficient evidence presented to permit the jury to decide whether Nordstrom knowingly assisted others in committing the crimes charged.

### 2. *Sentencing*

■ Nordstrom objected to the court's decision to adjust her sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1. We conclude that no error occurred. Under § 3C1.1, a district court may impose the two-level adjustment whenever a defendant's false testimony is material and willful. *See United States v. Morgan,* 238 F.3d 1180, 1187 (9th Cir. 2001). The district court acknowledged these requirements and properly found that Nordstrom's false statements were both material and willful and not a product of "confusion, mistake or faulty memory." *See United States v. Mattarolo,* 209 F.3d

1153, 1159 (9th Cir.), *cert. denied,* 531 U.S. 888, 121 S.Ct. 208, 148 L.Ed.2d 146 (2000) (internal quotation omitted).

■ Finally, Nordstrom had requested that the district court depart downward from the sentencing guideline range based on (1) her physical condition and age; (2) the inordinate delay between her crime and the indictment; (3) aberrant conduct; and (4) a combination of these factors. The district court acknowledged that it had the authority to depart on these grounds, but refused to do so. Because the court's ruling was discretionary, we lack jurisdiction to review its decision not to depart. *See United States v. Franklin,* 235 F.3d 1165, 1173 (9th Cir.2000).

## CONCLUSION

Our examination of counsel's brief and our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no further issues requiring review. Accordingly, we GRANT counsel's motion to withdraw as counsel of record, and we AFFIRM the judgment of the district court.