**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Manuel BARRETO–GUZMAN, Defendant–Appellant.**

No. 00–10436.
D.C. No. CR–99–00485–JBR.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted June 11, 2001.*

Decided June 21, 2001.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Juan Manuel Barreto–Guzman appeals the 57–month sentence imposed by the district court following his guilty-plea conviction for unlawful reentry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

Barreto–Guzman contends that there was insufficient proof that his prior Idaho convictions for burglary and grand theft were aggravated felonies for purposes of an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(1998). Because Barreto–Guzman failed to object to the district court's use of his prior convictions to apply an aggravated felony enhancement, we review for plain error. *United States v. Marin–Cuevas,* 147 F.3d 889, 892–93 (9th Cir.1998). In order for an appellate court to exercise its discretion to correct an error not raised in the lower court, the error must be plain, affect substantial rights, and seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 893.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

■ While a pre-sentence report (PSR) may provide sufficient indicia of reliability to allow a sentencing judge to rely on it for consideration of aggravated felonies, *see United States v. Romero–Rendon,* 220 F.3d 1159, 1163 (9th Cir.), *cert. denied,* 531 U.S. 1043, 121 S.Ct. 640, 148 L.Ed.2d 546 (2000), in this instance the PSR is devoid of any such indicia. As distinguished from other cases where we have affirmed the use of only a PSR to enhance a sentence, the PSR in this instance did not refer to the source of its information, the statute or judgment of conviction, and provided no recitation of the facts underlying the conviction. *See, e.g., id.* at 1164 (holding that an uncontroverted PSR that cites to the statute of conviction and the source of its information provides clear and convincing evidence of aggravated felony for U.S.S.G. § 2L1.2(b)(1)(A) enhancement); *cf. Marin–Cuevas,* 147 F.3d at 895 (holding that PSR prepared by probation officer using information obtained from computerized criminal history database sufficient to support increase in criminal history points). Based on the evidence in the record, the district court plainly erred in applying an aggravated felony enhancement. *See United States v. Franklin,* 235 F.3d 1165, 1172–73 (9th Cir.2000) (holding that district court erred by relying on PSR that did not cite to statutes of conviction and charging papers from prior convictions that did not establish all the requisite facts to render the convictions violent felonies).

■ Moreover, because there is no evidence as to what sentence was imposed on the theft offense and Barreto–Guzman may not be subject to the enhancement if it was for a term of less than one year, 8 U.S.C. § 1101(a)(43)(G), Barreto–Guzman's substantial rights are affected and the plain error seriously affects the fairness and integrity of judicial proceedings.[1]

Consequently, we remand to the district court. However, because Barreto–Guzman did not object in the district court, the government did not have an opportunity to present sufficient evidence to establish Barreto–Guzman's eligibility for an aggravated felony enhancement. Therefore, we remand for further development of the record and findings as to whether the prior theft offense qualifies as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(A). *See United States v. Matthews,* 240 F.3d 806, 822 (9th Cir.2000) (holding that where fairness so requires, the government may be permitted to introduce omitted evidence on remand).

Barreto–Guzman also contends that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), overruled *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). This contention has been foreclosed by our recent decision in *United States v. Pacheco–Zepeda,* 234 F.3d 411, 413 (9th Cir.2000), *cert. denied,* — U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

We vacate and remand to the district court for sentencing proceedings consistent with this opinion and with directions to correct the judgment to exclude reference to 8 U.S.C. § 1326(b). *See United States v. Rivera–Sanchez,* 222 F.3d 1057, 1061–62 (9th Cir.2000).

VACATED and REMANDED.

---

1. The government concedes that Barreto–Guzman's burglary offense cannot be used to enhance his sentence pursuant to *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).