**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Trinidad CHACON–SANCHEZ,**
**Defendant–Appellant.**

No. 00–30282.

DC No. CR 00–97 WFN.

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 2001 *.

Decided Aug. 7, 2001.

Before ALARCON, FERNANDEZ, and TASHIMA, Circuit Judges.

MEMORANDUM **

Jose Trinidad Chacon–Sanchez ("Appellant") appeals from the sentence imposed by the district court following his guilty plea to a violation of 8 U.S.C. § 1326, being an alien found in the United States following deportation. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in relying on the presentence report ("PSR") and the probation officer's testimony to add one criminal history point for Appellant's 1991 conviction for driving under the influence and driving with a suspended license.[1] The computerized criminal history on which the PSR relied was reliable, and the probation officer "had no reason to prevaricate." *United States v. Marin–Cuevas*, 147 F.3d 889, 895 (9th Cir.1998). The PSR accordingly bore "sufficient indicia of reliability" to be considered at sentencing. *Id.* Appellant has challenged the reliability of the computerized search in only a vague way, merely asserting that the search is not always accurate, but he has presented no evidence to substantiate this claim. Furthermore, although Appellant challenged the accuracy of the PSR, by denying that he was convicted of driving under the influence, he presented no evidence on which the district court could have relied to make its finding. The district court's finding that he was convicted of driving under the influence, which formed the basis for the imposition of the criminal history point, was not clearly erroneous. *See id.* (reviewing district court's factual determinations for clear error). Appellant's reliance on *United States v. Franklin*, 235 F.3d 1165 (9th Cir.2000), is unavailing because the standard of proof required of the government in *Franklin*, an Armed Career

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the facts, we do not recite them here.

Criminal Act case, was much higher than that here. We also reject Appellant's contention that the district court erred in relying on a prior aggravated felony conviction in determining his sentence because the conviction was neither set forth in the indictment nor admitted in the guilty plea. This argument has been foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and by *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir. 2000), *cert. denied,* — U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001). The sentence imposed by the district court is therefore

AFFIRMED.