**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David SOLIS–TORRES, Defendant–
Appellant.**

**No. 00–10494.
D.C. No. CR–00–00043–KJD.
United States Court of Appeals,
Ninth Circuit.**

Argued and Submitted July 11, 2001.

Decided Aug. 13, 2001.

Before HALL, WARDLAW, and BERZON, Circuit Judges.

### MEMORANDUM [1]

Defendant David Solis–Torres pled guilty to unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326. The presentence report ("PSR") filed by the probation office stated that Solis–Torres had been convicted of two felonies, attempted burglary and possession of a controlled substance with intent to sell. Based solely on the information contained in the PSR, the district court found that § 1326(b)(2), an enhanced penalty provision for aggravated felonies, applied. The court increased Solis–Torres' offense level by sixteen levels as required under U.S.S.G. § 2L1.2(b)(1)(A). Solis–Torres argues that the information in the PSR was insufficient to justify applying the aggravated felony enhancement.[2] We agree.

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

2. In his briefing to this court, Solis–Torres contended that his prior convictions had to be submitted and proven to a jury under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). At oral argument, he acknowledged that this argument is foreclosed by our decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411, 413–15 (9th Cir.2000), which held that section 1326(b)(2) does not define elements of a separate crime that must be submitted and proven before a jury.

■ Solis–Torres only pled guilty to the elements of § 1326(a); he did not admit that he had past convictions for aggravated felonies. The PSR states that Solis–Torres has past convictions for Attempted Burglary and Possession of a Controlled Substance with Intent to Sell. Because a prior aggravated felony conviction has such a significant effect on Solis–Torres' sentence, the district court must find the existence of that conviction by clear and convincing evidence. *See United States v. Munoz*, 233 F.3d 1117, 1126–27 (9th Cir. 2000).

■ Solis–Torres contends that the statements in the PSR do not amount to the clear and convincing evidence necessary to support his sentencing enhancement. The PSR in this case contains only a description of the facts of both prior convictions; it does not contain any citations to the relevant criminal statutes. The bare statements in the PSR do not amount to the clear and convincing evidence necessary to support his sentencing enhancement. If a PSR is going to be used as the sole justification for a sentencing enhancement based on prior convictions, the PSR must tie that prior conviction to a specific criminal statute under which the defendant was previously convicted. *See United States v. Franklin*, 235 F.3d 1165, 1171–72 (9th Cir.2000); *United States v. Potter*, 895 F.2d 1231, 1238 (9th Cir.1990) (stating that a PSR was insufficient to establish a defendant's conviction under a specific statutory section); *cf. United States v. Romero–Rendon*, 220 F.3d 1159, 1165 (9th Cir.2000) (holding that a PSR that specified the statute of conviction was sufficient to support a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)). By submitting an incomplete PSR, the government failed to supply the clear and convincing evidence necessary to establish Solis–Torres' past aggravated felony convictions. Accordingly, we reverse and remand for resentencing.[3] The district court will reopen the record on remand to allow both sides to present evidence regarding the nature of the disputed convictions.

REVERSED AND REMANDED.

---

**3.** There are two typographical errors in the current judgment order. First, the order states that the defendant shall be on supervised release following his term of incarceration for 46 months, but the district court's oral pronouncement only imposed a three-year term of supervised release. The oral pronouncement controls. *See United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir.1995). Second, the order indicates that Solis–Torres was convicted of a violation of *8 U.S.C.* §§ 1326(a) & (b). Section 1326(b) does not define a separately punishable offense; it is a penalty provision. *See United States v. Rivera–Sanchez*, 222 F.3d 1057, 1061–62 (9th Cir.2000). We do not need to direct the district court to enter a corrected judgment striking the reference to § 1326(b) because we reverse its judgment and remand for resentencing. We merely recount these errors to alert the district court to their presence and prevent their reappearance in the judgment order the court will issue after resentencing.