**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Gilbert KOVAC, Defendant–**
**Appellant.**

No. 01–10613.

D.C. No. CR–00–00396–DWH.

United States Court of Appeals,
Ninth Circuit.

---

518

Submitted Sept. 9, 2002.*

Decided Sept. 18, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges. .

MEMORANDUM **

John Gilbert Kovac appeals his 170–month sentence imposed after his guilty-plea conviction to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant 28 U.S.C. § 1291, and we vacate and remand.

Kovac contends that the district court erred in finding that he was a career offender under U.S.S.G. § 4B1.1 because it relied on a presentence investigation report ("PSR") without a statutory reference to determine that he had a prior qualifying "controlled substance" felony.

We conclude, and the government concedes, that Kovac is correct. *See United States v. Franklin*, 235 F.3d 1165, 1172–73 (9th Cir.2000) (deciding that the PSR, which did not indicate statute of conviction, was insufficient to enhance a sentence under the Armed Career Criminal Act (ACCA)); *United States v. Sandoval–Venegas*, 292 F.3d 1101, 1109 (9th Cir. 2002) (remanding for resentencing after finding that "the record [did] not contain sufficient documentation to discern a qualifying statute of conviction, much less judicially noticeable, case-specific facts.").

Accordingly, we vacate Kovac's sentence and remand this case on an open record to permit the district court to determine whether Kovac's prior "controlled substance" is a qualifying felony under § 4B1.1. *See United States v. Matthews*, 278 F.3d 880, 885 (9th Cir.2002) (en banc) (stating that "if a district court errs · in sentencing, [this court] will remand for resentencing on an open record that is, without limitation on the evidence that the district court may consider.").

**VACATED AND REMANDED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

