UNITED STATES of America, Plaintiff–Appellee,

v.

Derek Wayne CHRISTENSEN, Defendant–Appellant.

No. 00–30399.

D.C. No. CR–00–00137–RE.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

Submitted Oct. 7, 2002.*

Decided Oct. 15, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM **

Derek Wayne Christensen appeals the sentence imposed following his guilty plea to possession of controlled substances with intent to distribute, possession of controlled substances with intent to distribute within 1,000 feet of a protected location, and bank fraud, in violation of 21 U.S.C. §§ 841(a)(1), 860 and 18 U.S.C. § 1014. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of the Sentencing Guidelines, *United States v. Franklin,* 235 F.3d 1165, 1168 (9th Cir. 2000), and we affirm.

At sentencing the district court added two points to Christensen's criminal history score, pursuant to U.S.S.G. § 4A1.1(d), for a crime committed while on probation. Before entering a guilty plea, Christensen moved to consolidate his indictment for bank fraud, which he committed while on probation, with an indictment for drug possession, which occurred after his probation expired.

Christensen contends that only the post-probation drug offenses should be considered as the "instant offense" in calculating his criminal history score. This argument is unpersuasive. By consolidating the bank fraud and drug charges for the purpose of sentencing, both sets of crimes became the instant offense for the purpose of calculating Christensen's criminal history score. *See United States v. Buchanan,* 59 F.3d 914, 920 (9th Cir.1995).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

