Lamberto PASTRANA–GODINEZ, aka Jesus S. Diaz, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72818.
Agency No. A90–305–639.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2004.*

Decided Dec. 10, 2004.

Antonio Reyna Salazar, Salazar Law Offices, Seattle, WA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, WWS–District Counsel, Seattle, WA, Susan Houser, Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Lamberto Pastrana–Godinez appeals his final order of removal on the ground that

---

the Board of Immigration Appeals erred in finding that his conviction for second degree assault is an aggravated felony. We conclude that Pastrana–Godinez was convicted of an aggravated felony. Because we lack jurisdiction to review a final order of removal based on a conviction of an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), we dismiss the appeal for lack of jurisdiction.

We may conduct a limited examination of the record, including the charging documents and judgment, to determine whether an alien was convicted of conduct that is an aggravated felony. *See United States v. Franklin*, 235 F.3d 1165, 1170 n. 5 (9th Cir.2000). The charging documents and judgment establish that Pastrana–Godinez was convicted of sexual assault with intent to molest a child and of committing that crime with sexual motivation. Because sexual abuse of a minor and attempted sexual abuse of a minor are aggravated felonies, 8 U.S.C. §§ 1101(43)(A), (U), Pastrana–Godinez was convicted of an aggravated felony and we thus lack jurisdiction to review his removal order. Accordingly, we DISMISS for lack of jurisdiction.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.