**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

GUILLERMO AGUILA-MONTES DE
OCA,
                    *Defendant-Appellant.*

No. 05-50170

D.C. No.
CR-04-02175-RTB

ORDER AND
OPINION

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued February 9, 2006
Submitted February 29, 2008
Pasadena, California

Filed January 20, 2009

Before: David R. Thompson, Thomas G. Nelson, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Thompson;
Dissent by Judge Gould

749

## COUNSEL

Vincent J. Brunkow, San Diego, California, for the appellant.

Steven E. Stone, Assistant United States Attorney, San Diego, California, for the appellee.

## ORDER

The defendant-appellant's petition for rehearing, filed May 27, 2008, is GRANTED.

Judge Gould dissents and would deny the petition for rehearing.

The Opinion previously filed April 28, 2008, and published at 523 F.3d 1071, is withdrawn, and the Opinion filed with this Order is filed in its stead.

## OPINION

THOMPSON, Senior Circuit Judge:

Guillermo Aguila-Montes De Oca ("Aguila-Montes") appeals the sentence imposed upon him for attempting to reenter the United States following deportation, in violation of 8 U.S.C. § 1326. Aguila-Montes challenges the district court's sixteen-level sentence enhancement resulting from the court's determination that his prior conviction for first degree residential burglary, in violation of section 459 of the California Penal Code, constituted a crime of violence under section 2L1.2(b)(1)(A) of the United States Sentencing Guidelines ("Guidelines").[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We conclude that Aguila-Montes's prior California burglary conviction did not constitute a crime of violence under the Guidelines, and remand to the district court to impose a sentence without that sixteen-level enhancement.

## I.   Background

Aguila-Montes, a Mexican citizen, queued up at the San Ysidro Point of Entry on July 5, 2004. Customs and Border Protection officers arrested him after verifying by computer that he was a deported alien. The government charged him with violating 8 U.S.C. § 1326 by attempting to reenter the United States. A jury convicted him, and the district court sentenced him to 120 months in prison and two years of supervised release.

During sentencing, the district court determined that

---

[1] Although Aguila-Montes also raised a constitutional challenge to his sentence, and appealed the underlying conviction, this opinion addresses only the district court's decision to apply the sixteen-level sentence enhancement. We considered Aguila-Montes's other appellate arguments in a separate memorandum disposition filed April 28, 2008.

Aguila-Montes had previously been convicted of a crime of violence as defined by section 2L1.2 of the Guidelines, and for that reason enhanced his sentence sixteen levels. The prior conviction was from 1988, when Aguila-Montes pleaded guilty to first degree residential burglary in violation of section 459 of the California Penal Code. Aguila-Montes argues that because this 1988 state conviction could have been based upon criminal liability for conduct not included within the definition of burglary of a dwelling in section 2L1.2 of the Guidelines, the district court erred in applying the sixteen-level sentence enhancement. We agree.[2]

## II.   Discussion

### A.   Legal Framework

Section 2L1.2 of the Guidelines addresses sentencing for the crime of unlawfully entering or remaining in the United States. It provides sentencing enhancements based on prior convictions for other offenses. Subsection (b)(1) lists the predicate offenses and their corresponding enhancements. It provides a sixteen-level enhancement for a prior "crime of violence." U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2006). The Guidelines' application notes specifically state that "burglary of a dwelling" constitutes a crime of violence. *Id.* § 2L1.2 cmt. n.1(B)(iii).

Aguila-Montes disputes the district court's determination that his 1988 California conviction for first degree residential burglary constituted burglary of a dwelling, a crime of violence under the Guidelines.

"The sentencing judge's application of the Sentencing Guidelines, including whether a prior conviction is a 'crime

---

[2]We do not consider Aguila-Montes's argument that his 1988 state conviction should not be considered because it could have been based upon aider and abettor liability.

of violence' . . . for the purposes of U.S.S.G. § 2L1.2, is reviewed de novo." *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 856 (9th Cir. 2005) (citing *United States v. Bonilla-Montenegro*, 331 F.3d 1047, 1049 (9th Cir. 2003)). To determine whether Aguila-Montes's prior conviction qualifies as burglary of a dwelling under the Guidelines, we use the analytical approach outlined in *Taylor v. United States*, 495 U.S. 575 (1990). *See United States v. Wenner*, 351 F.3d 969, 972 (9th Cir. 2003) (citing *United States v. Becker*, 919 F.2d 568, 570 (9th Cir. 1990)).

A *Taylor* analysis requires a comparison between the defendant's prior conviction (in this case, California residential burglary) and the offense incorporated into the Guidelines (burglary of a dwelling); if the elements of the two match, sentencing enhancement is proper. *See id.*

Using the categorical approach, we determine whether *all* convictions under California's residential burglary statute constitute burglary of a dwelling under the Guidelines. *See id.* Using the modified categorical approach, we additionally consider "the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.' " *See United States v. Almazan-Becerra*, 482 F.3d 1085, 1088 (9th Cir. 2007) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)); *Wenner*, 351 F.3d at 972. We may also consider "comparable" judicial records, such as a court clerk's appropriate minute order. *See United States v. Snellenberger*, 548 F.3d 699, 701-702 (9th Cir. 2008), citing *Shepard*, 544 U.S. at 26.

Because burglary of a dwelling under the Guidelines is the object of comparison in both approaches, its definition is critical to the analysis. *See United States v. Corona-Sanchez*, 291 F.3d 1201, 1204 (9th Cir. 2002) (en banc).

**[1]** As a starting point in defining burglary of a dwelling, we know that the Guidelines do not simply incorporate the

convicting state's formulation of that offense. *See id.* at 1205 (citing *Taylor*, 495 U.S. at 590-91). Instead, "when Congress described predicate offenses, it meant to incorporate 'the generic sense in which the term is now used in the criminal codes of most States.'" *Id.* (quoting *Taylor*, 495 U.S. at 598). Thus, burglary of a dwelling under the Guidelines takes on its generic, contemporary meaning, and includes the following elements: the "'unlawful or unprivileged entry into, or remaining in, a building or other structure [that is a dwelling], with intent to commit a crime.'" *See Rodriguez-Rodriguez*, 393 F.3d at 852 (quoting *Taylor*, 495 U.S. at 598; *Wenner*, 351 F.3d at 973).

## B. *Categorical Approach*

**[2]** A categorical match between Aguila-Montes's California conviction for residential burglary and the generic Guidelines offense of burglary of a dwelling is lacking because the California offense encompasses a broader range of proscribed conduct than does the generic offense of the Guidelines. The California statute does not require that the entry be "unlawful or unprivileged." *Rodriguez-Rodriguez*, 393 F.3d at 857. The Guidelines' offense has that requirement. Consequently, Aguila-Montes's California conviction for first degree residential burglary cannot categorically constitute a conviction for the generic Guidelines offense of burglary of a dwelling.

## C. *Modified Categorical Approach*

In the absence of a categorical match, we typically would next consider whether certain documents in the record or judicially noticeable facts show that Aguila-Montes's prior California conviction constituted generic burglary of a dwelling under the Guidelines. However, consistent with our en banc decision in *United States v. Navarro-Lopez*, 503 F.3d 1063, 1073 (9th Cir. 2007), we may not apply a modified categorical approach in this case because the state crime of which

Aguila-Montes was convicted lacks an element of the generic crime of the Guidelines.

In *Navarro-Lopez*, the defendant pleaded guilty to one count of California Penal Code section 32, accessory after the fact. *Navarro-Lopez,* 503 F.3d at 1066. Navarro-Lopez was sentenced to 270 days in jail and three years probation. *Id.* When he later tried to re-enter the United States after a trip to Mexico, he was denied entry and detained. *Id.* The Immigration and Naturalization Service ("INS") charged Navarro-Lopez with being inadmissible because, *inter alia,* he had been convicted of a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I). *Id.* The IJ agreed and held that the California conviction constituted a crime involving moral turpitude under federal law. The BIA affirmed. The California crime of conviction provided:

> Every person who, after a felony has been committed, harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof, is an accessory to such felony.

Cal. Penal Code § 32.

When we considered *Navarro-Lopez's* petition for review, we determined that, because California Penal Code section 32 did not include any element of baseness, vileness, or depravity, a conviction under that statute could never constitute a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Even if Navarro-Lopez had admitted he committed base, vile or depraved acts in violating the California statute, such an admission could not modify the elements of the state crime. *Navarro-Lopez,* 503 F.3d at 1073. We stated that the state "crime of conviction can never be narrowed to conform to the [federal] generic crime because the

[state court jury] is not required — as *Taylor* mandates — to find all the elements of the [federal] generic crime." *Id.*

**[3]** Here, the California residential burglary crime of conviction, California Penal Code § 459, requires (1) entry, (2) into any building or other listed structure, (3) with intent to commit larceny or any felony. *People v. Davis*, 958 P.2d 1083 (Cal. 1998) (citing Cal. Pen. Code § 459). The Guidelines' generic crime of burglary requires (1) entry, (2) which is unlawful or unprivileged, (3) into a building or structure, (4) with intent to commit a crime. *Shepard*, 544 U.S. at 29 (citing *Taylor*, 495 U.S. at 598-99). In addition to the elements required by the applicable California burglary statute, generic burglary under the Guidelines also requires that the entry be "unlawful or unprivileged." Cal. Pen. Code § 459. Even if we were to undertake a modified categorical approach, we could not narrow the California statute by amending it to include the restrictive elements of the Guidelines' generic offense — namely, that the entry must have been "unlawful or unprivileged."

**[4]** Thus, we may not apply a modified categorical approach. Applying simply a categorical approach, Aguila-Montes's California predicate conviction of first degree residential burglary does not match the generic offense of burglary of a dwelling under the Guidelines. His sentence, therefore, was improperly enhanced sixteen levels.

## III.  Conclusion

**[5]** Because California Penal Code section 459 does not require that an entry in the burglary context be "unlawful or unprivileged," the California statute lacks an element included in the generic definition of burglary of a dwelling incorporated into the Guidelines. Using a categorical approach, the two offenses do not "match." The modified categorical approach may not be applied to establish the missing element, and as a result, Aguila-Montes's state conviction of first

degree residential burglary is not a prior conviction of a crime of violence under section 2L1.2(b)(1)(A) of the Guidelines. The district court improperly applied the sixteen-level sentence enhancement. We vacate the sentence imposed by the district court, and remand for the imposition of a new sentence.

**REMANDED.**

GOULD, Circuit Judge, dissenting:

I respectfully dissent, believing that the application of *United States v. Navarro-Lopez*, 503 F.3d 1063 (9th Cir. 2007) to the California burglary statute here is inconsistent with the scope intended by the United States Supreme Court for its doctrine of modified categorical analysis, as outlined in *Taylor v. United States*, 495 U.S. 575, 599, 602 (1990).