MEMORANDUM **
Defendant-Appellant Jose Torres-Ton-tle appeals his conviction and sentence for attempting unlawful re-entry to the United States after removal in violation of 8 U.S.C. § 1326, and making a false claim to American citizenship in violation of 18 U.S.C. § 911. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the conviction, but vacate the sentence and remand for resentencing.
I. CONVICTION
First, Torres-Tontle concedes that his claim as to the indictment was directly foreclosed by the Supreme Court in United States v. Resendiz-Ponce, 549 U.S. 102, 127 S.Ct. 782, 166 L.Ed.2d 591 (2007).
Second, Torres-Tontle contends that the district court erred when it failed to dismiss his indictment because of allegedly improper grand jury instructions. We reject this argument because this court has upheld the challenged instructions as constitutional. See United States v. Cortez-Rivera, 454 F.3d 1038, 1040-41 (9th Cir.2006); United States v. Navarro-Vargas, 408 F.3d 1184, 1204 (9th Cir.2005) (en banc). Accordingly, the district court did not err in denying the motion to dismiss the indictment.
Third, Torres-Tontle argues that his statements to Officer Hernandez in the secondary inspection area should have been excluded from evidence because he did not receive Miranda warmings. Torres-Tontle made two statements: (1) that he was not a United States citizen; and (2) that he had no papers allowing him to enter the United States. We decline to reach the merits of this claim because we find that any potential Miranda violation was harmless beyond a reasonable doubt. United States v. Khan, 993 F.2d 1368, 1376 (9th Cir.1993) (deciding that asserted Miranda violation was harmless without addressing the merits). Torres-Tontle’s statements did not contribute to the verdict because the record included ample independent evidence that 1) he was deported in 1997; 2) he admitted that he was not a United States citizen and was a citizen of Mexico in the 1997 hearing; 3) his immigration file and various databases contained no record of him becoming a naturalized citizen; 4) his fingerprints matched fingerprints on the various immigration documents introduced into evidence; and 5) officers issued a warrant of deportation in 2003. Thus, the un-Mirandized statements were “unimportant in relation to everything else the jury considered.” ' Yates v. Evatt, 500 U.S. 391, 403, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991) (ioverruled in part on other grounds by Estelle v. McGuire, 502 U.S. 62, 72-73 n. 4, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)).
II. SENTENCE
Torres-Tontle also claims that the district court erred in imposing the sixteen level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(l)(A)(ii).
Torres-Tontle first complains that the district court erroneously relied on the prior conviction to enhance his sentence when it was not charged in the indictment or proven to a jury. In a prosecution under 8 U.S.C. § 1326, however, “a prior *875 aggravated felony conviction does not have to be charged in an indictment, or proven to a jury, before it can be used for sentence enhancement pursuant to § 1326(b)(2).” United States v. Flores-Sanchez, 477 F.3d 1089, 1093 (9th Cir.2007) (citing Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)). We have “consistently applied Almendarez-Torres to cases in which the defendant did not admit the prior convictions.” Flores-Sanchez, 477 F.3d at 1093.
Torres-Tontle, however, also argues that the district court erred because the conviction was not for a “crime of violence.” We agree. A conviction under California Penal Code Section 459 is not a “crime of violence” for purposes of U.S.S.G. § 2L1.2. United States v. Aguila-Montes, 553 F.3d 1229, 1231, 1234 (9th Cir.2009). We therefore vacate the sentence imposed, and remand for resentenc-ing.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.