MEMORANDUM **
Patricio Cruz-Uriostegui appeals the 84-month sentence he received for illegal re-entry after deportation in violation of 8 U.S.C. § 1326. Cruz-Uriostegui raises three issues on appeal, including a challenge to the district court’s imposition of a 16-level sentencing enhancement for having been previously deported after conviction of a felony that is a “crime of violence.” We vacate Cruz-Uriostegui’s sentence and remand to the district court for resentencing.
The district court applied the 16-level enhancement to the offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), on the grounds that Cruz-Uriostegui previously was deported after being convicted in 1991 of first-degree burglary under California Penal Code §§ 459 and 460.1. A decision of this court announced after the district court imposed the sentence at issue here compels us to conclude that the district court committed plain error by treating that conviction as a crime of violence and imposing the enhancement. United States v. Aguila-Montes De Oca, 553 F.3d 1229, 1234 (9th Cir.2009).
Cruz-Uriostegui also contests the district court’s addition of three points to his criminal history computation for a 1995 conviction for petty theft with a prior conviction under California Penal Code §§ 488, 666. This addition satisfies the plain language of the Guidelines, since the 32-month sentence that Cruz-Uriostegui received for this offense “exceed[ed] one year and one month,” as required for the three-point increase. U.S.S.G. § 4Al.l(a). Cruz-Uriostegui’s argument depends instead upon a strained reading of United States v. Corona-Sanchez, 291 F.3d 1201 (9th Cir.2002) (en banc), superseded on other grounds by U.S.S.G. § 2L1.2, cmt. n. 4 (2002). The Supreme Court and this court have rejected similar arguments. United States v. Rodriquez, — U.S.-, 128 S.Ct. 1783, 1788, 170 L.Ed.2d 719 *661 (2008); Saravia-Paguada v. Gonzales, 488 F.3d 1122, 1127-28 (9th Cir.2007); United States v. Ellsworth, 456 F.3d 1146, 1152 (9th Cir.2006). Together, these precedents effectively foreclose Cruz-Urioste-gui’s contention here. On remand, the district court therefore may again add the contested points to the criminal history computation.
We vacate Cruz-Uriostegui’s sentence and remand to the district court for resen-tencing in accordance with this decision. Because we grant Cruz-Uriostegui the relief that he sought, his ineffective assistance of counsel claim is now moot. See United States v. Franklin, 235 F.3d 1165, 1173 (9th Cir.2000).
VACATED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.