**UNITED STATES of America, Plaintiff–Appellee–Cross–Appellant,**

**v.**

**Raymond Lee KILGORE, Defendant–Appellant–Cross–Appellee.**

Nos. 92–30354, 92–30383.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted September 2, 1993.

Decided Oct. 14, 1993.

Peter A. Camiel, Mair, Abercrombie, Camiel & Rummonds, Seattle, WA, for defendant-appellant-cross-appellee.

Lis Wiehl, Asst. U.S. Atty., Seattle, WA, and Louis M. Fischer, Dept. of Justice, Washington, DC, for plaintiff-appellee-cross-appellant.

Before: WALLACE, Chief Judge,
WRIGHT and NOONAN, Circuit Judges.

PER CURIAM:

Kilgore was sentenced to a term of 92 months for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Kilgore appeals from his sentence, and the government cross-appeals. The government argues that Kilgore's prior burglary and assault convictions mandated sentencing him as an armed career criminal under 18 U.S.C. § 924(e). Kilgore argues that he should have received a lower sentence for his conviction under 18 U.S.C. § 922(g)(1) because his prior convictions were not violent felonies and because he accepted responsibility for his crime. *See* United States Sentencing Commission, *Guidelines Manual,* §§ 2K2.1, 3E1.1. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. § 3742. We vacate the sentence and remand for resentencing on the basis of the government's cross-appeal, and thus have no need to reach Kilgore's sentencing arguments.

Kilgore pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The indictment also charged him as an armed career criminal under 18 U.S.C. § 924(e), which provides a mandatory minimum 15 year sentence when a defendant convicted under section 922(g) has committed at least three prior violent felonies. Kilgore had three prior burglary convictions and one prior assault conviction. The district court held that only two of Kilgore's prior convictions could be used as predicate violent felonies, and did not sentence Kilgore as an armed career criminal. Instead, Kilgore was sentenced under 18 U.S.C. § 922(g)(1) to a 92 month term.

In arriving at the conclusion that Kilgore was not an armed career criminal, the district court classified the assault conviction as a violent felony and counted two of the burglary offenses, which were charged together, as a single burglary conviction. Because the government did not challenge the aggregation of these burglaries, we also refer to these convictions as a single burglary conviction for the purposes of this appeal. The district court did not count the third burglary as a predicate offense, reasoning that the conviction did not meet all the requirements of a generic burglary as set out in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (*Taylor*). We review de novo the district court's determination of whether a conviction is a predicate violent felony under 18 U.S.C. § 924(e). *United States v. Sweeten,* 933 F.2d 765, 768 (9th Cir.1991) (*Sweeten*).

A felon convicted of possessing a firearm falls under 18 U.S.C. § 924(e) and must be sentenced as an armed career criminal if he or she has three prior convictions for a violent felony. Burglary is listed as a violent felony under section 924(e)(2)(B)(ii). However, because burglary statutes differ so greatly from one jurisdiction to another, not all burglaries are treated as predicate offenses. In *Taylor,* the Supreme Court held that only "generic burglaries" constitute predicate burglaries under section 924(e). *Taylor,* 495 U.S. at 598, 110 S.Ct. at 2158. A generic burglary has three necessary elements: "[1] an unlawful or unprivileged entry or remaining in [2] a building or other structure [3] with intent to commit a crime." *Id.* (numbering added). If it is not clear from the elements of the underlying burglary statute that the defendant has been convicted of a generic burglary, a court may also look to other documents, including indictments or informations, guilty pleas, and jury instructions. *See United States v. Alvarez,* 972 F.2d 1000, 1005 (9th Cir.1992); *Sweeten,* 933 F.2d at 769–70.

Both of Kilgore's counted prior burglary convictions were convictions for generic burglary. Both were obtained under Washington Criminal Code § 9A.52.030 which, on its face, resembles the definition of generic burglary. At the time of Kilgore's convictions, the Washington second degree burglary statute provided: "A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building

other than a vehicle." Wash.Rev.Code Ann. § 9A.52.030 (West 1988).

 Kilgore argues that he has not been convicted of generic burglary because the statute defines "building" too broadly. *Taylor* provides a rather broad statement of what sort of structure can be involved in a generic burglary: either a "building or structure" must be involved. *Taylor*, 495 U.S. at 598, 110 S.Ct. at 2158. The Washington Criminal Code provides a more detailed definition of "building" which includes, for example, fenced areas and railroad cars. Wash. Rev.Code Ann. § 9A.04.110(5) (West 1993). We need not decide whether the Washington statute's definition of building takes it outside of the definition of generic burglary. In this case, Kilgore's guilty pleas and the informations charging him with the burglaries state that Kilgore entered buildings with common street addresses. In the case not counted by the district court, he entered a jewelry store. Thus, the burglary convictions included the element of entering a "building," consistent with the definition of "generic burglary."

Because the word "intent" was not mentioned in Kilgore's guilty plea, the district court ruled that Kilgore's jewelry store burglary conviction did not include the element of intent which must be present in a generic burglary. We disagree with the district court's conclusion that the intent element was missing.

First, the burglary statute clearly states that intent to commit a crime is a necessary element. The information also states that Kilgore intended to commit a crime. Kilgore's guilty plea states that he entered the building and that he aided and abetted a burglary. Though Kilgore never mentioned the word "intent" in his short plea statement, this small omission does not undercut the fact that both the statute and the information under which Kilgore was charged include intent as a necessary element.

We agree with the district court that Kilgore's prior assault. conviction qualifies as a

predicate violent felony under the armed career criminal statute. He was charged with intentional assault to avoid arrest. This charge "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Because all three of Kilgore's prior convictions considered by the district court are predicate violent felonies, we vacate the district court's sentence and remand for resentencing under 18 U.S.C. § 924(e).

SENTENCE VACATED AND CASE REMANDED.