39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Lee KILGORE, Defendant-Appellant.
 No. 94-30091.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WALLACE, Chief Judge; GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Lee Kilgore appeals his 180-month sentence imposed following remand from this court for resentencing. Kilgore was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). He contends the district court erred by determining that his 1985 conviction for burglary of a jewelry store constituted a predicate "violent felony" for purposes of the sentence enhancement provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. Sec. 924(e)). We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 The doctrine of law of the case ordinarily precludes us from re-examining issues we have previously decided in the same case. United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991); United States v. Maybusher, 735 F.2d 366, 377 (9th Cir.1984), cert. denied, 469 U.S. 1110 (1985).
 
 
 4
 Here, Kilgore appealed his original 92-month sentence, contending that his prior burglary convictions did not constitute violent felonies. The government cross-appealed, contending that the district court should have sentenced Kilgore as an armed career criminal under the ACCA. Specifically, the government contended that the district court erred by determining that Kilgore's 1985 burglary was not a predicate "violent felony" within the meaning of 18 U.S.C. Sec. 924(e). We held that all three of Kilgore's prior convictions, including the 1985 conviction for burglary of a jewelry store, constitute predicate violent felonies for purposes of the ACCA. Accordingly, we vacated the sentence and remanded for resentencing under section 924(e). See United States v. Kilgore, 7 F.3d 854, 856 (9th Cir.1993).
 
 
 5
 Because we have already determined that Kilgore's 1985 burglary conviction constitutes a predicate violent felony under section 924(e), we decline to re-examine the question. See Schaff, 948 F.2d at 506; Maybusher, 735 F.2d at 370.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3