52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Avery BARTLETT, Defendant-Appellant.
 No. 94-10331.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 10, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Avery Bartlett appeals his 354-month sentence imposed following guilty pleas to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1) and possession of a firearm during a narcotics offense in violation of 18 U.S.C. Sec. 924(c)(1). Bartlett contends that his California second-degree burglary convictions do not qualify as predicate violent felonies under the Armed Career Criminal Act because his convictions do not meet the requirements of "generic burglary" as set forth in Taylor v. United States, 495 U.S. 575 (1990). We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 "We review de novo the district court's determination of whether a conviction is a predicate violent felony under 18 U.S.C. Sec. 924(e)." United States v. Kilgore, 7 F.3d 854, 855 (9th Cir.1993).
 
 
 4
 A defendant may be sentenced under the Armed Career Criminal Act ("ACCA") if he is a felon in possession of a firearm and has three prior convictions for "violent felonies." See 18 U.S.C. Sec. 924(e)(1). The ACCA lists "burglary" among the enumerated violent felonies, but not all state burglary convictions are considered predicate violent felonies. See 18 U.S.C. Sec. 924(e)(2)(B)(ii); Taylor, 495 U.S. at 598; Kilgore, 7 F.3d at 855.
 
 
 5
 In deciding whether a prior burglary conviction constitutes a "burglary" for purposes of the armed career criminal enhancement, the sentencing court must determine if the statutory definition substantially corresponds to "generic" burglary. Taylor, 495 U.S. at 600; United States v. Alvarez, 972 F.2d 1000, 1005 (9th Cir.1992), cert. denied, 113 S.Ct. 1427 (1993). To constitute generic burglary, the statute must contain the following elements: "an unlawful or unprivileged entry into, or remaining in a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598.
 
 
 6
 When the state statute is broader than the generic definition of burglary, the sentencing court may examine the documentation underlying the conviction. See Taylor, 495 U.S. at 602 (court may examine charging paper and jury instructions to determine if jury conviction was based on essential elements of generic burglary); see also Alvarez, 972 F.2d at 1005 (court's review of information and verdict established that defendant's conviction for second-degree burglary met requirements of generic burglary); United States v. Dunn, 946 F.2d 615, 620 (9th Cir.) (court found information to which defendant pleaded guilty satisfied definition of generic burglary), cert. denied, 502 U.S. 950 (1991); United States v. Sweeten, 933 F.2d 765, 769-70 (9th Cir.1991) (court may look beyond statute and judgment of conviction to determine if predicate conviction); United States v. O'Neal, 937 F.2d 1369, 1372 (9th Cir.1990) (court may look to indictment and judgment of conviction by guilty plea to find generic burglary).
 
 
 7
 Bartlett contends that his second-degree burglary convictions were improperly counted as predicate violent felonies because the California second-degree burglary statute is broader than the Taylor definition of generic burglary. Because the statute is broader than the Taylor definition[1], the district court properly relied upon other documents to find the essential elements of generic burglary underlying the convictions. See Taylor, 495 U.S. at 602; Alvarez, 972 F.2d at 1005.
 
 
 8
 The district court examined the charging papers for both of Bartlett's second-degree burglary convictions and found that they contained the essential elements of generic burglary. The Mariposa county complaint to which Bartlett pleaded guilty states: "Bartlett ... did willfully and unlawfully enter the Oasis Market ... with the intent to commit larceny or any felony." Similarly, the information charging Bartlett with second-degree burglary in Merced county states that "Bartlett ... did willfully and unlawfully enter a building, to wit, Jack Pot Market ... with the intent to commit theft therein or any felony therein."
 
 
 9
 Bartlett argues that the district court relied on insufficient documentation because the government failed to produce signed guilty pleas admitting the factual bases for Bartlett's pleas.[2] Signed guilty pleas are not required where, as here, it is undisputed that Bartlett did in fact plead guilty to both burglaries. See O'Neal, 937 F.2d at 1374 (court found generic burglary where defendant pleaded guilty to indictment alleging unlawful entry into a laundromat with intent to commit theft therein). Moreover, the government produced sufficient documentation that Bartlett pleaded guilty to both burglaries, such as a guilty plea form and a transcript of guilty plea proceedings. See id.; United States v. Williams, No. 94-50065, slip. op. 1183, 1187 (9th Cir. Jan. 30, 1995) (plea of guilty conclusively proves the factual allegations contained in the indictment).
 
 
 10
 The district court properly relied on the charging documents in determining that Bartlett's second-degree burglary convictions met the definition of generic burglary under Taylor. See Alvarez, 972 F.2d at 1005. Accordingly, the district court properly sentenced Bartlett as an armed career criminal pursuant to 18 U.S.C. Sec. 924(e). See id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under the California second-degree burglary statute, a defendant may be convicted for breaking into both buildings and non-buildings, such as vehicles, tents, railroad cars, and aircraft. In addition, a defendant may be convicted under this statute whether or not the initial entry was unlawful. See Cal.Penal Code Sec. 459
 
 
 [2]
 The district court explicitly found that this case is distinguishable from United States v. Parker, 5 F.3d 1322 (9th Cir.1993), on which Bartlett relies, because in Parker, the information failed to charge the defendant with "unlawful entry." The court also noted that Parker was convicted by jury trial, while Bartlett's burglary convictions involved guilty pleas