UNITED STATES of America,
Plaintiff,

v.

Nikia Timothy STRIET, Defendant.

No. CR03–97Z.

United States District Court,
W.D. Washington,
at Seattle.

March 19, 2004.

Allen M. Ressler, Browne & Ressler, Nancy Tenney, Federal Public Defender's Office, Seattle, WA, for Defendant.

Joanne Y. Maida, U.S. Attorney's Office, Seattle, WA, for Plaintiff.

## ORDER

ZILLY, District Judge.

### I. *BACKGROUND*

On February 27, 2003, the grand jury for the Western District of Washington returned a single-count indictment charging Nikia Timothy Striet, a/k/a Nickolaus Richard Bakke, with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On September 15, 2003, the defendant entered a conditional guilty plea to the charges in the indictment. The Government seeks an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).

The Government alleges that the defendant has three felony convictions that qualify as "violent felonies" under the ACCA. In 1993, the defendant was charged with Burglary in the Second Degree in violation of RCW 9A.52.030. On March 4, 1993, the defendant entered a guilty plea and stated that "I entered and remained unlawfully in Anita's Hallmark at 4545 California Ave. SW in Seattle, with the intent to commit a crime against property therein." The defendant was sentenced to a term of twelve months and one day.

In 1997, the defendant was charged by the State of Washington, King County, with Assault in the Third Degree, in violation of RCW 9A.36.031(f), and Burglary in the Second Degree, in violation of RCW 9A.52.030. On November 24, 1997, the defendant plead guilty to Assault in the Third Degree and stated that "with criminal negligence [I] did cause bodily harm to . . . a human being; it was accompanied by substantial pain extending for a period sufficient to cause considerable suffering to her." The defendant was subsequently sentenced to a term of twenty-two months. On March 16, 1998, the defendant plead guilty to Burglary in the Second Degree and stated that "on 10/24/97, I unlawfully entered a building at 1825 S 243d in King Co., Wa with the intent to commit a crime against property therein." The defendant was sentenced to a term of fifty-two months.

### II. *DISCUSSION*

The ACCA provides, in pertinent part, as follows:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years.

18 U.S.C. § 924(e)(1). "Violent felony" is defined as any crime punishable by imprisonment for a term exceeding one year that "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is [a] burglary . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § (e)(2)(B).

#### A. *Assault in the Third Degree*

█ The defendant was charged by an amended information with Assault in the Third Degree. A person is guilty of assault in the third degree if he or she, with criminal negligence, causes "bodily harm

accompanied by substantial pain that extends for a period sufficient to cause considerable suffering." RCW 9A.36.031(1)(f). Assault in the Third Degree is a Class C Felony in Washington, punishable by more than one year of incarceration. RCW 9A.36.031(2). The Washington statute does not require, as an element of Assault in the Third Degree, a showing of use, attempted use, or threatening use of physical force. However, it does require a showing that the defendant's conduct caused "bodily harm accompanied by substantial pain." A crime that has conduct that causes "bodily harm accompanied by substantial pain" as an element is sufficiently similar to "conduct that presents a serious potential risk of physical harm" for the purposes of the ACCA. In the defendant's plea agreement, he certified that he was guilty of the elements of the offense set forth in RCW 9A.36.031(f).[1] Accordingly, the defendant's predicate offense of Assault in the Third Degree qualifies as a "violent felony" for the purposes of the ACCA.

### B. Burglary Offenses

■ Defendant has two Burglary in the Second Degree convictions that the Government contends qualify as "violent felonies" under § 924(e). Congress failed to define "burglary" in the ACCA, 18 U.S.C. § 924(e)(1). However, in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the United States Supreme Court was called upon to determine the meaning of the term. After examining the legislative history of the ACCA, the Court held that "a person has been convicted of burglary for the purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its

exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599, 110 S.Ct. 2143. The Court went on to hold that "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Id.* at 602, 110 S.Ct. 2143.

The Ninth Circuit Court of Appeals has expounded upon the *Taylor* analysis. To determine whether a state burglary conviction is a "burglary" under the ACCA, a trial court must first make a categorical comparison between the statute under which a defendants is convicted and the "generic" definition of burglary to see if the statutory definition "substantially corresponds" to the "generic" definition. *See, e.g., United States v. Wenner*, 351 F.3d 969, 972 (9th Cir.2003); *Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir.2002). Under this approach, the courts do not look to the specific conduct of the defendant's state convictions, but only at the statutory definition of the crime. *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143. If a court finds that the statute of conviction is not a categorical match because it criminalizes both conduct that does and does not qualify as a "burglary," as defined by *Taylor*, then the court must proceed to the "modified categorical approach." *See Wenner*, 351 F.3d at 972; *Chang*, 307 F.3d at 1189. "Under the modified categorical approach, [the court] conduct[s] a limited examination of documents in the record of the conviction to determine if there is sufficient evidence

---

**1.** Defendant, in his plea agreement, described in his own words what he did to make him guilty of Assault in the Third Degree: "On May, 15, 1997, in King County, Washington, I

with criminal negligence did cause bodily harm to ... a human being; it was accompanied by substantial pain extending for a period sufficient to cause considerable suffering."

to conclude that a defendant was convicted of the elements of the generically defined crime even though his or her statute was facially overinclusive." *Chang*, 307 F.3d at 1189 (citing *United States v. Corona–Sanchez*, 291 F.3d 1201, 1211 (9th Cir.2002)).

### 1. The Categorical Inquiry

RCW 9A.52.030 provides that, "a person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building or other vehicle or a dwelling." Burglary in the Second Degree is a Class B Felony. *Id.* For the purposes of Title 9A, the Washington legislature has defined building as follows:

> "Building", in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building.

RCW 9A.04.110(5).

In *Wenner*, the Ninth Circuit had the occasion to determine whether Washington's residential burglary statute RCW 9A.52.025(1) was a categorical match to the generic definition of burglary provided in *Taylor*. *Wenner*, 351 F.3d at 972–74. RCW 9A.52.025(1) provides that, "[a] person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." "Dwelling" is defined as "any *building* or structure, though movable or temporary, or a portion thereof, which is used or ordinarily used by a per-

son for lodging." RCW 9A.04.110(7) (emphasis added). The court held that because "[s]ome things that are dwellings under Washington law (e.g., fenced areas, railway cars, and cargo containers) are not buildings or structures under federal law," Washington's residential burglary statute was not a categorical match to the generic definition of "burglary" under *Taylor*. *Wenner*, 351 F.3d at 972.

The impetus behind the court's holding was that the statutory definition of "dwelling" included the broad definition of the word "building." Because Washington's second degree burglary statute, RCW 9A.52.030, also depends on the broad definition of "building," the court's holding is instructive. Consequently, consistent with *Wenner*, the Court finds that defendant's Burglary in the Second Degree convictions are not a categorical match to the generic definition of "burglary." As stated above, however, this does not end the Court's inquiry; the Court must next analyze the defendant's conviction under the modified categorical approach.

### 2. The Modified Categorical Inquiry

■ The modified categorical approach permits courts to go beyond the mere fact of conviction to determine whether a jury was actually required to find all the elements of generic burglary. *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143. In *Taylor*, the Court held that a court could look to the charging papers and·jury instructions in this inquiry. *Id.* Since *Taylor*, however, the Ninth Circuit has explicitly expanded the types of documents that may permissibly be reviewed to determine whether a defendant was actually convicted of predicate crimes under § 924(e). *See United States v. Franklin*, 235 F.3d 1165, 1170 (9th Cir.2000).[2] Charging papers and a

---

2. The Ninth Circuit set forth the following list of documents that may be relied upon to

determine whether a defendant has committed a predicate offense:

(1) charging papers and jury instructions;

signed plea agreement are among the category of documents that may be considered. *Id.* (citing *United States v. Sweeten*, 933 F.2d 765, 772 (9th Cir.1991)). However, charging papers alone are never sufficient. *See United States v. Parker*, 5 F.3d 1322, 1327 (9th Cir.1993).

This case presents the question of to what extent, if any, a court may rely upon facts recited in the Pre–Sentence Report ("PSR") when conducting a modified categorical inquiry. The underlying facts of the defendant's burglary convictions recited in the PSR demonstrate that defendant's 1993 conviction involved a burglary of a store and that his 1998 conviction involved the burglary of a residence.

The Ninth Circuit has held that it is impermissible for trial courts to rely *solely* upon the PSR to enhance a defendant's sentence. *See United States v. Franklin*, 235 F.3d 1165, 1172 (9th Cir.2000); *United States v. Corona–Sanchez*, 291 F.3d 1201, 1212–1213 (9th Cir.2002). In holding that a PSR cannot be solely relied upon, the court, in *Franklin*, noted that its prior precedents and the Supreme Court's decision in *Taylor* foreclosed any approach that considers the underlying facts of prior convictions to determine whether a defendant was convicted by a jury or pleaded guilty to a predicate offense under the ACCA. *Id.* at 1171 (citing *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143; *United States v. Bonat*, 106 F.3d 1472, 1475 (9th Cir.1997)). The court also noted that a PSR is not a form of "clearly reliable evidence" upon which a district court may permissibly rely. *Id.* (citing *United States v. Potter*, 895 F.2d 1231, 1238 (9th Cir.1990)).

■ After holding that a PSR may not alone be relied upon, the court considered whether a PSR could be relied upon in conjunction with the conviction records. *See id.* at 1172. The court stated that,

> While in some cases a sentencing court properly may cumulate documentation of prior criminal convictions to find that such documentation "clearly establishes" a prior criminal conviction, in the context of an enhancement under the ACCA for burglary, such *cumulation is only appropriate if the documents together establish that* "the jury actually found all the requisite facts to render the offences a 'violent felony,'" ... or that *the defendant pled guilty to an offense involving these same requisite facts.*

*Id.* (emphasis added). The court found that neither the charging documents or the facts recited in the PSR established that the defendant plead guilty to all of the requisite facts necessary to render the defendant's prior convictions burglaries under the generic definition of burglary in *Taylor*. *Id.* The court stated that "[w]hen we consider the charging papers together with the PSR, we are no closer to knowing ... what Franklin actually admitted in a plea than when we consider each type of document on its own." *Id.* Consequently, the court held that the district court erred by relying upon the information contained in the charging documents together with the facts recited in the PSR. *Id.* at 1172–1173. Therefore, under *Franklin*, a PSR may not be relied upon in conjunction with the conviction records unless the documents together indicate that a defendant

(2) charging papers and judgment of conviction;

(3) charging papers and a signed plea agreement;

(4) transcript of a plea proceeding;

(5) charging papers and judgment on a guilty plea when the judgment shows that a defendant pled guilty for reasons stated in the charging papers and the charging papers included the generic elements; and

(6) charging papers and verdict form when the verdict form refers back to the charging papers, and the charging papers list the elements of generic burglary.

*Id.* at 1170 n. 5.

plead guilty to all the requisite facts of the generic crime.

In this case, the conviction records in conjunction with the PSR do not indicate that the defendant plead guilty to all the requisite facts of generic burglary. The Government has submitted the information, plea agreement, and judgment and sentence for both of the defendant's second degree burglary convictions. With respect to the 1993 conviction, the information and defendant's plea agreement demonstrate that the defendant plead guilty to entering and remaining unlawfully in a building, located at 4545 California Avenue Southwest (Anita's Hallmark), with the intent to commit a crime against a person or property therein. The documents pertaining to defendant's 1998 conviction demonstrate that the defendant plead guilty to unlawfully entering a building located 1825 S. 243rd, with the intent to commit a crime therein. It is unclear from these records, however, whether the defendant plead guilty to burglarizing a "building" in the generic sense because of the broad meaning Washington ascribes the term.

The facts recited in the PSR, however, do shed some light into the circumstances of the defendant's convictions. The PSR indicates that the 1993 burglary involved a store and that the 1998 burglary involved a residence. However, the PSR does not demonstrate whether or not the defendant actually plead guilty to burglarizing a store or residence, or whether he plead guilty to burglarizing something else within Washington's broad definition, such as a fenced area or cargo container. Accordingly, like in *Franklin*, the charging pa-

pers and the PSR taken together do not aid the Court in its determination as to whether the defendant actually pled guilty to the elements of the generic crime. Consequently, the PSR submitted in this action cannot be considered by this Court; the Court may permissibly rely only upon the defendant's conviction records.

In connection with the conviction records, the defendant argues that the charging documents and plea agreements do not establish that he plead guilty to the generic elements of burglary.[3] Defendant's principal contention is that although he pled guilty to burglarizing a "building," it is unclear whether he plead guilty to entering a building or structure, as defined by *Taylor*, because Washington defines building so broadly.

In *United States v. Kilgore*, 7 F.3d 854 (9th Cir.1993), the Ninth Circuit was faced with the precise challenge the defendant in this case is making. Kilgore, like the defendant in this action, plead guilty to possession of a firearm by a convicted felon, under 18 U.S.C. § 922(g)(1). *Id.* at 855. The Government sought to enhance his sentence, under the ACCA, 18 U.S.C. § 924(e)(1). Kilgore had two prior burglary convictions and one prior assault conviction.[4] *Id.* Kilgore argued that he had not been convicted of generic burglary because Washington's definition of building was so broad. *Id.* at 856. Kilgore's statement on plea of guilty for these convictions indicated as follows:

> On 9/23/81, I entered a building at 1817 –26th South, Seattle, King County, without permission. My intent was to steal property. On October 16, 1981, I

---

**3.** *Defendant's briefing only assert's that his 1998 conviction for second degree burglary does not count as a predicate violent felony conviction under the ACCA. Accordingly, it is ambiguous as to whether defendant concedes that his 1993 conviction is a violent felony under the ACCA.*

**4.** Kilgore actually had three burglary convictions, but the court aggregated two of the burglaries, which were charged together, into a single burglary conviction. *Id.*

entered a building at 919—20th South, Seattle, King County, without permission. My intent was to steal property. While recognizing the breadth of the Washington definition of "building," the court found that because Kilgore's guilty pleas and the informations charging him with the burglaries stated that he entered buildings with common street addresses, such convictions included the element of entering a "building" for the purposes of the ACCA.[5] *Id.*

In the present action, the informations and plea agreements for both convictions indicate that the defendant was guilty of burglarizing a building with a common street address. In fact, the defendant's statements on plea of guilty are nearly identical to Kilgore's. With respect to the defendant's 1998 conviction, the defendant stated the following: "On 10/14/97, I unlawfully entered a building at 1825 S 243d in King County, Wa with the intent to commit a crime against property therein." Accordingly, under *Kilgore,* the defendant's burglary convictions include the elements of generic burglary, and therefore, are "violent felonies" for the purpose of the ACCA.[6]

Defendant seeks to distinguish *Kilgore* on two grounds. First, defendant argues that *Kilgore* is not persuasive because the court did not analyze the issue under the

clear and convincing standard of proof for sentencing enhancements, as recognized in *United States v. Jordan,* 256 F.3d 922 (9th Cir.2001). In *Jordan,* the Ninth Circuit held that "when a sentencing factor has an extremely disproportionate impact on the sentence relative to the offense of conviction, due process requires that the government prove *the facts underlying the enhancement* by clear and convincing evidence." *Id.* at 930 (emphasis added). In *Jordan,* the issue was whether the government had met its burden of proving the underlying facts necessary to support an enhancement for possession of a firearm during a robbery and for abduction to facilitate escape. *Id.* at 926–27. The question in *Kilgore* and the present case, however, is not whether the Government has sufficiently proved that the defendant committed a burglary under state law—a question of fact. The question presented is whether the burglaries in 1993 and 1998 constituted a "violent felony" under the ACCA—a question of law. *See United States v. Alcarez Camacho,* 340 F.3d 794, 796 (9th Cir.2003) ("Whether the sentencing guidelines apply to an offense is a question of law... "). Therefore, the rule announced in *Jordan* does not change the Ninth Circuit's analysis in *Kilgore.* The *Kilgore* decision turned on the question of whether a plea agreement stating that the

5. Unpublished opinions demonstrates that the Ninth Circuit continues to adhere to the rule stated in *Kilgore.* In *United States v. Galligan,* 46 F.3d 1147, 1995 WL 40333 (9th Cir. 1995), the court was again faced with the question of whether the defendant's burglary convictions under Washington law were violent felonies under the ACCA. Galligan argued that he had not been convicted of generic burglary because Washington's definition of building was so broad. Citing *Kilgore,* the court held that "[b]ecause the information to which Galligan pleaded guilty charged him with *entering a building with a common street address,* his burglary conviction included the

element of entering a "building" consistent with *Taylor.*"

6. This Court is bound by the opinion in *Kilgore,* which controls the outcome in this case. However, this Court believes that a strong argument can be made for a holding that both the 1993 and the 1998 burglaries do not constitute a violent felony because the crime could have been entry into a "building" (which by definition might be only a fenced yard) at a common address. Such a crime is not a generic burglary under *Taylor. See Wenner,* 351 F.3d at 972 (noting that fenced areas, railway cars, and cargo containers are not buildings under the generic definition).

defendant burglarized a building at a common street address was sufficient, *as a matter of law*, to meet the elements of generic burglary. Accordingly, the defendants attempt at distinguishing *Kilgore* on this ground is not persuasive.

Second, the defendant argues that *Kilgore* is not persuasive because the court did not consider the "alternative means" decisions of the Washington courts. In *State v. Noltie*, 116 Wash.2d 831, 841–42, 809 P.2d 190 (1991), the Washington Supreme Court held that while an information must contain the elements of the crime charged, the State is not required to charge the alternative means by which one might commit the offense. Defendant cites this case for the proposition that while the State was required to list the elements of Burglary in the Second Degree, the State was not required to charge the alternative ways a defendant could have committed the offense, such as burglarizing a building (used in the generic sense), a fenced area or a cargo container. Thus, defendant argues, the conviction records do not make it clear whether the defendant plead guilty to the generic elements of burglary. Defendant's argument, however, amounts to nothing more than the assertion that the conviction records do not clearly establish that the defendant plead guilty to the generic elements of burglary. This is the same argument that the court in *Kilgore* considered and rejected. Nothing in the "alternative means" decisions of the Washington courts would change the result in *Kilgore*.

### III. *CONCLUSION*

Based on the foregoing, the Court finds that the defendant's conviction for Assault in the Third Degree and his convictions for Burglary in the Second Degree are "violent felonies" for the purposes of the ACCA. Accordingly, the Court finds that the enhancement under 18 U.S.C. § 924(e), which carries a fifteen year statutory minimum, is applicable.

IT IS SO ORDERED.