UNITED STATES of America,
Plaintiff—Appellee,

v.

Matthew C. DAVIDSON, Defendant—
Appellant.

No. 05–30141.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2006.

Decided April 20, 2006.

Arlen Storm, USTA—Office of the U.S. Attorney, Tacoma, WA, Andrew C. Friedman, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Jordan Gross, Esq., Yarmuth Wilsdon Calfo, PLLC, Seattle, WA, Matthew C. Davidson, Federal Correctional Institution, Victorville, CA, for Defendant–Appellant.

Before: CANBY, GOULD, and BEA, Circuit Judges.

MEMORANDUM [*]

Appellant Matthew C. Davidson appeals his conviction and the district court's deci-

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sion to enhance his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm the conviction and the sentence.

■ The district court did not abuse its discretion in allowing the government to introduce Davidson's 1991 burglary conviction and one of his four 1983 burglary convictions.[1] The government had to introduce one of Davidson's prior felony convictions to prove he was a felon in possession because he refused to stipulate to his status as a felon. *See United States v. Weiland*, 420 F.3d 1062, 1078 (9th Cir. 2005). The district court properly allowed the government to introduce a second felony conviction to protect against reversal in the event of a defect in one of the convictions. *See id.* (explaining that the government can "hedge its bets ... against reversal based upon improperly admitted evidence"). The 1991 and 1983 convictions were distinguishable because separate courts entered them for separate incidents nearly a decade apart. *Compare id.* (finding an abuse of discretion where the convictions "were nearly identical").

■ It was an abuse of discretion, however, for the district court to allow the government to introduce more than one of Davidson's 1983 convictions. The 1983 convictions were not distinguishable from each other in a meaningful way because the same court recorded them in the same judgment on the same day. *See id.* (finding convictions indistinguishable because they were "produced on the same date, in the same ... court, for the same crime"). Nonetheless, the introduction of the four convictions was harmless error because "it is more probable than not that" they "did not materially affect the verdict." *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir.2002) (quoting *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997)). The government mentioned the four-count judgment only once during the trial, and the jury's copy of the judgment excluded the number of counts. The government also presented overwhelming evidence that Davidson committed the charged crimes. *See United States v. Alviso*, 152 F.3d 1195, 1199 (9th Cir.1998). Thus, the district court did not commit reversible error in admitting any of Davidson's prior convictions.

■ The district court also did not err in finding that Davidson's 1983 burglary convictions qualify as crimes of violence under the ACCA, 18 U.S.C. § 924(e)(2).[2] Three of Davidson's 1983 convictions meet the generic definition of "burglary" and thus are crimes of violence. *See* 18 U.S.C. § 924(e)(2)(B) (defining a violent felony to include "burglary"); *Taylor v. United States*, 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (explaining the elements of burglary for purposes of § 924(e)). In the handwritten attachment to Davidson's signed Plea Statement, Davidson admitted to entering "residence[s]" at rural street addresses.[3] Davidson's admission that he burglarized residences establishes that he entered "buildings" within the generic definition,

---

1. We review for abuse of discretion the district court's admission of evidence. *United States v. Danielson*, 325 F.3d 1054, 1075 (9th Cir.2003).

2. We review de novo the district court's findings that Davidson's crimes qualify as crimes of violence. *United States v. Potter*, 895 F.2d 1231, 1235 (9th Cir.1990).

3. He admitted to entering "the residence of Nathan A. Melton, at Rt 1, Box 205, Amboy, Clark County, WA.," "the residence of Richard McKee at Rt 1, Box 241, Amboy, Clark County, WA.," and "the residence of Vigirl Wallace at Rt 1, Box 547, Amboy, Clark County, WA."

rather than places such as a fenced area or a storage container that fall outside the generic definition. *See United States v. Bonat*, 106 F.3d 1472, 1475–77 (9th Cir. 1997) (holding that a defendant was convicted of the elements of generic burglary when he was charged with burglarizing a residence); *see also United States v. Kilgore*, 7 F.3d 854, 856 (9th Cir.1993) (holding that statements in the information and guilty pleas that defendant entered buildings with common street addresses in violation of Washington law were sufficient to establish generic burglary). The handwritten attachment is reliable because it was incorporated into the signed Plea Statement and was part of the state court's certified record.

Finally, the district court did not commit plain error in deciding without submission to the jury that Davidson's prior convictions were violent felonies under the ACCA.[4] *United States v. Smith*, 390 F.3d 661, 666–67 (9th Cir.2004), *amended by*, 405 F.3d 726 (9th Cir.2005) (holding that the district court determines no more than the fact of a prior conviction when it characterizes the defendant's prior convictions as violent felonies under the modified categorical approach); *see Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 1262–63, 161 L.Ed.2d 205 (2005) (plurality) (allowing the sentencing court to determine whether a prior conviction was a violent felony).

We therefore AFFIRM Davidson's conviction and sentence.

4. We review Davidson's *Booker* claim for plain error because he did not object to the district court's making the determination whether his convictions were violent felonies. *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir.2005) (en banc).