**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard Lee WESTOM, Defendant–
Appellant.**

No. 05–30174.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.*

---

* James E. Tilton is substituted for his predecessor, Edward S. Alameida, Jr., who was Director of the California Department of Corrections, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

782

Filed Oct. 23, 2006.

Jared C. Kimball, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Dan B. Johnson, Esq., Dan B. Johnson, P.S., Spokane, WA, for Defendant–Appellant.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Richard Lee Westom appeals from the 180–month mandatory minimum sentence imposed under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Westom contends that the district court erred by imposing the ACCA enhancement because his prior Washington state convictions for second degree burglary were not violent felonies. Under the ACCA, a burglary involving an unlawful or unprivileged entry into a building or structure with the intent to commit a crime qualifies as a violent felony. See 18 U.S.C. § 924(e)(2)(B)(ii); Taylor v. United States, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

Here, the charging information and guilty plea statement from Westom's prior second degree burglary convictions satisfy the elements of generic burglary. See Taylor, 495 U.S. at 599, 602, 110 S.Ct. 2143; United States v. Kilgore, 7 F.3d 854, 855 (9th Cir.1993) (noting that a location identified by a common street address is a building within the meaning of generic burglary).

We reject Westom's contention that his guilty plea statement does not establish that his convictions involved entry into a building because it does not mention the street address recited in the information. By pleading guilty, Westom admitted burglarizing the building described in the information. See United States v. Guerrero-Velasquez, 434 F.3d 1193, 1197 (9th Cir. 2006) ("By pleading guilty [a defendant] admit[s] all of the facts charged in the information.").

Westom's contention that his prior convictions were required to be pleaded in the indictment and proved to a jury beyond a reasonable doubt is foreclosed by United States v. Brown, 417 F.3d 1077, 1078 (9th Cir.2005) (per curiam).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

