UNITED STATES of America,
Plaintiff–Appellee,

v.

John Gilbert KOVAC, Defendant–
Appellant.

No. 03–10389.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2004.

Filed May 12, 2004.

Art Allen, Assistant Federal Public Defender, Las Vegas, NV; Franny A. Forsman, Federal Public Defender, Las Vegas, NV; Jason F. Carr, Assistant Federal Public Defender, Las Vegas, NV, for the appellant.

Thomas Dougherty, Assistant United States Attorney, Las Vegas, NV; Daniel G. Bogden, United States Attorney, Las Vegas, NV; Karyn Kenny, Assistant United States Attorney, Las Vegas, NV, for the appellee.

Appeal from the United States District Court for the District of Nevada; David

**1118**

W. Hagen, District Judge, Presiding. D.C. No. CR–00–00369–DWH.

Before: WALLACE, KOZINSKI, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge:

This case presents the question, *inter alia,* whether a statement in a state pretrial sentence report describing a conversation between the defendant and a law enforcement officer is sufficient to designate the defendant as a career offender under U.S.S.G. § 4B1.1. Under the circumstances presented by this case, we hold that it is not, and vacate the sentence imposed by the district court.

### I

On October 24, 2000, John Kovac robbed a bank in Las Vegas, Nevada. Kovac pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). The district court imposed a sentence of 170 months for the offense after determining that Kovac was a career offender under the prescriptions of U.S.S.G. § 4B1.1, based on a state presentence investigation report. On appeal, the government conceded that the documentation it had submitted to the district court was not sufficient to establish the conviction as a qualifying predicate offense because the presentence report did not contain a statutory reference for the crime at issue. On the government's concession, a panel of this Court vacated the sentence and remanded for re-sentencing.

■ On remand, the government tendered additional proof in support of the enhancement. Kovac reiterated his objection to inclusion of the conviction as a qualifying predicate offense. The government conceded that the fact of the conviction alone was not sufficient to qualify the

conviction. The district court accepted the government's position and held that the statement attributed to Kovac in a state-prepared presentence report were sufficient to prove that he had been convicted of a qualifying controlled-substance offense under the Sentencing Guidelines. Thus, the district court held that Kovac was a career offender, and imposed a sentence accordingly. Kovac timely appealed. "We review the district court's interpretation of the Sentencing Guidelines and its determination that . . . [the defendant] is a career offender de novo." *United States v. Shumate,* 329 F.3d 1026, 1028 (9th Cir.2003).

### II

The district court correctly concluded, and the government does not dispute, that a generic conviction under California Health & Safety Code § 11352 does not qualify facially as a predicate conviction under the career offender Sentencing Guideline. That guideline provides, in relevant part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.*

U.S.S.G. § 4B1.1(a).

A controlled-substance offense for the purposes of § 4B1.1 is defined as:

> . . . an offense under federal or state law, punishable by a term of imprisonment of more than one year, that pro-

---

* There is no dispute that Kovac is over eighteen. The other felony offense that would trigger career-offender status if Kovac's sec-

tion 11352 conviction qualifies is a previous federal conviction for bank robbery.

hibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

■ In determining whether a prior conviction qualifies as a career-offender predicate offense, we employ the categorical approach established by the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See United States v. Corona–Sanchez,* 291 F.3d 1201, 1203, 1212–13 (9th Cir.2002) (en banc). Under *Taylor,* courts cannot examine the underlying facts of the prior offense, but " 'look only to the fact of conviction and the statutory definition of the prior offense.' " *Id.* at 1203 (quoting *Taylor,* 495 U.S. at 602, 110 S.Ct. 2143). Thus, under the categorical approach, we must first look to the statute of conviction to determine if the offense would qualify as a controlled-substance offense for § 4B1.2 purposes. The government quite properly concedes that it does not. Section 11352 is similar to the statutory language we considered in *United States v. Rivera–Sanchez,* 247 F.3d 905, 909 (9th Cir.2001) (en banc), and *United States v. Martinez,* 232 F.3d 728, 735 (9th Cir.2000), and held was too broad for the crime to qualify under the categorical approach.

## III

■ The question then is whether the proof offered in this case satisfied the requirements of the "modified categorical" analysis. A modified categorical examination is appropriate in a " 'narrow range of cases' " where the statute criminalizes conduct that would not constitute a qualifying controlled-substance offense, but where " 'documentation or judicially noticeable facts ... clearly establish that the conviction is a predicate conviction for enhance-

ment purposes.' " *Corona–Sanchez,* 291 F.3d at 1211 (quoting *Taylor,* 495 U.S. at 602, 110 S.Ct. 2143; *Rivera–Sanchez,* 247 F.3d at 908). If " 'judicially noticeable facts would allow the defendant to be convicted of an offense' other than that defined as a qualifying offense," the conviction in question cannot be used to enhance a defendant's sentence. *Id.* at 1203 (quoting *Rivera–Sanchez,* 247 F.3d at 908). The government has the burden to establish clearly and unequivocally that the conviction was based on all of the elements of a qualifying predicate offense. *See United States v. Franklin,* 235 F.3d 1165, 1172 (9th Cir.2000).

On remand, the government tendered as proof of the conviction: (1) a certificate and order from Los Angeles County Municipal Court; (2) the felony complaint alleging a violation of California Health & Safety Code § 11352; (3) Kovac's state presentence investigation report, which included statements made by Kovac; and (4) the judgment in Kovac's § 11352 predicate offense.

■ The certificate and order, charging complaint, and judgment are insufficient proof to qualify Kovac as a career offender under the Sentencing Guidelines. The certificate and order from Los Angeles County Municipal Court merely lists the statutory section. This is plainly insufficient. The felony complaint alleging a violation of California Health & Safety Code § 11352 recites the overbroad language of the statute and adds "to wit, cocaine" at the end of the recitation. While a complaint or indictment can be one component of the required underlying documentation, *see United States v. Hernandez–Valdovinos,* 352 F.3d 1243, 1248 (9th Cir.2003), as a charging paper, it alone is not sufficient, *see United States v. Parker,* 5 F.3d 1322, 1327 (9th Cir.1993). The judgment in Kovac's § 11352 predicate offense is facially

inconclusive, as it merely recites the statutory section and title. Even viewed collectively, these documents fail to establish the facts to which Kovac pleaded. Thus, the district court quite properly did not rely on any of these items of proof.

The issue, then, turns on whether a statement attributed to the defendant in the state presentence report, which described the conduct underlying the criminal conviction, clearly and unequivocally establish that the conviction was based on all of the elements of a qualifying predicate offense. Under our case law, the statement does not satisfy this standard.

■ According to *Taylor*, sentencing courts are not to "engage in an elaborate factfinding process regarding the defendant's prior offenses." 495 U.S. at 601, 110 S.Ct. 2143. Rather, the sentencing courts may consider the conviction as qualifying only "in a narrow range of cases where a jury was actually required to find all the elements" of the offense. *Id.* at 602, 110 S.Ct. 2143. The idea of the examination is not to turn sentencing hearings into collateral criminal trials, but to determine whether the defendant was actually convicted, or pled guilty to, a qualifying offense. Thus, as the Supreme Court has stated, sentencing courts may not look "to the particular facts underlying those convictions." *Id.* at 600, 110 S.Ct. 2143.

■ Here, the critical evidence at issue is a statement of admission contained in a state presentence report. As we have observed in a different context:

> Although presentence reports are an extremely useful sentencing tool, by their nature the information they contain is "generally hearsay, even remote hearsay at the second and third remove." *United States v. Frushon*, 10 F.3d 663, 666 (9th Cir.1993) (quoting *United States v. Fine*, 975 F.2d 596, 603 (9th Cir.1992)). As a result, presentence reports are generally inadmissible at trial to prove

any of the hearsay reports they contain. See *United States v. Matta–Ballesteros*, 71 F.3d 754, 767 (9th Cir.1995), *as amended by* 98 F.3d 1100 (9th Cir.1996). Because they are not subject to evidentiary standards, presentence reports may also contain factual errors.

*Summerlin v. Stewart*, 341 F.3d 1082, 1111 (9th Cir.2003) (en banc) *cert. granted, Schriro v. Summerlin*, ─── U.S. ───, 124 S.Ct. 833, 157 L.Ed.2d 692 (2003).

■ In situations similar to the one at bar, we have been wary about the use of presentence reports as constituting sufficient proof that the defendant was convicted of all qualifying elements. In *Corona–Sanchez*, we held that the presentence report was "insufficient evidence because all it ... [did was] recite the facts of the crimes as alleged in the charging papers." 291 F.3d at 1212. Similarly, in *United States v. Franklin*, 235 F.3d at 1165, we disallowed enhancement for a predicate offense when the supporting documentation merely consisted of charging papers and a presentence report. *Id.* at 1172. While not foreclosing reliance on such documentation in all cases, we held that neither the charging documents nor the facts recited in the presentence report established "all of the requisite facts necessary" to qualify the convictions—thus, the court was "no closer to knowing what ... [defendant] actually admitted in a plea." 291 F.3d at 1212.

In *Corona–Sanchez*, we were also concerned with ambiguities in the source of the presentence information. *Id.* Consequently, we stated in *Corona–Sanchez* that we "need not decide ... whether information contained in a presentence report from an identified, acceptable source can constitute evidence under *Taylor's* modified categorical approach." *Id.* We have never held that a statement attributed to a defendant in a presentence report can con-

stitute clear and unequivocal proof that he has pleaded guilty to, or been convicted of, all of the elements of a qualifying predicate offense.

Indeed, in *Martinez*, 232 F.3d at 728, we rejected a far stronger claim based on the defendant's admission as contained in a hand-scrawled statement in a plea form. *Id.* at 734–35, 232 F.3d 728. In doing so, we emphasized *Taylor's* restriction that "we look to what … [the defendant] was convicted of, not the conduct underlying his conviction." *Id.* at 735. Further, as we noted, the described conduct did not necessarily inform us of the elements of the crime to which the defendant pleaded guilty. *Id.*

The government's argument is far weaker here. In the instant case, we have a hearsay statement attributed to the defendant about his conduct. The statement alone does not assure us that the defendant pleaded guilty to all of the elements of a qualifying offense, and to rely on the statement alone would force us to violate *Taylor* by examining the defendant's conduct, not his conviction. Thus, it cannot form the basis for concluding that the prior conviction qualified as a predicate offense, and Kovac was erroneously sentenced as a career offender under U.S.S.G. § 4B1.1. We must vacate the sentence and remand for re-sentencing. *United States v. Matthews*, 278 F.3d 880, 885–86 (9th Cir.2002) (en banc).

**VACATED AND REMANDED.**