**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Daniel Carson LEWIS, Defendant—
Appellant.**

No. 03–30281.

D.C. No. CR–01–00149–A–JWS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2004.

Decided Sept. 28, 2004.

Before HALL, KLEINFELD, and WARDLAW, Circuit Judges.

MEMORANDUM \*

Daniel Lewis ("appellant") appeals his conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and his federal sentence of 10 years. We affirm.

We review for an abuse of discretion the district court's denial of the motion for new trial. *City Solutions, Inc. v. Clear Channel Communications, Inc.*, 365 F.3d 835, 843 (9th Cir.2004). The court may grant a motion for new trial based on newly discovered evidence if: (1) the exercise of due diligence would not have resulted in the evidence being discovered sooner; (2) the evidence is material, not merely cumulative or impeaching; and (3) the evi-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dence will probably produce an acquittal at a new trial. *See United States v. Jackson,* 209 F.3d 1103, 1106 (9th Cir.2000). Newly discovered impeachment evidence is material only if the new evidence renders "totally incredible" the testimony of a witness, and that witness's testimony at trial was "uncorroborated" and "provided the only evidence of an essential element of the government's case." *United States v. Davis,* 960 F.2d 820, 825 (9th Cir.1992).

The district court did not abuse its discretion in denying appellant's motion for new trial based upon newly discovered evidence in the form of his sister Lisa's testimony, testimony which impeached their brother Randy. First, Lisa's testimony was cumulative to the extent that evidence introduced at trial also showed that Randy was an alcoholic whose word could not be trusted. Second, Randy's testimony at trial did not go uncorroborated, and Lisa's post-conviction testimony did not render Randy's story totally unbelievable. The physical evidence—appellant's blood on the rifle and the cut on appellant's face—matched Randy's story. The rifle was found in an area south of the furthest south Randy had gone with the security officers, within the secured perimeter. Third, after hearing her testimony at the sentencing hearing, the district court found that Lisa was not a credible witness. Although Lisa testified that she could not recall appellant being convicted of assault in 2001, she was the one who called the police to report that he had assaulted her. "The trial judge has broad discretion to decide that the new evidence is not sufficiently credible to support a motion for new trial." *United States v. Diggs,* 649 F.2d 731, 740 (9th Cir.1981), *cert. denied,* 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981), *overruled on other grounds, United States v. McConney,* 728 F.2d 1195 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984), *as stated in United States v. Ibarra–Alcarez,* 830 F.2d 968, 973 n. 1 (9th Cir.1987).

■ We review for an abuse of discretion the admissibility of evidence under Federal Rule of Evidence 403. *See United States v. Allen,* 341 F.3d 870, 887 n. 25 (9th Cir.2003). The record discloses that the district court carefully weighed the pros and cons of admitting the photographic evidence. The court did not permit the prosecution to use all the visual aids that it wished to. The photos the court did admit had probative value to the extent that they displayed the physical condition of the breach site. The photos were not unduly prejudicial.

■ It was also reasonable for the district court to permit witnesses to refer to oil and the cleanup process. The evidence of the oil spill and the subsequent cleanup was relevant to the crime for which appellant had been charged. His alleged possession and use of the rifle allegedly caused the oil spill. Many of the references to oil came in the context of cleanup personnel testifying about what they observed when they interacted with Randy, which was relevant to his credibility, and about how they sealed off the area after the spill, which was relevant to Randy's inability to plant the weapon and frame appellant.

■ We review *de novo* a district court's interpretation of the United States Sentencing Guidelines. *United States v. Kovac,* 367 F.3d 1116, 1118 (9th Cir.2004). The district court properly applied U.S.S.G. §§ 2K2.1(c)(1)(A) and 2X1.1 to enhance appellant's sentence based upon his conviction of intentionally damaging an oil pipeline in violation of Alaska Statute 11.46.480(3). Appellant contends that § 2K2.1(c)(1)(A) may only be applied if the offense used to enhance the federal sentence is similar in nature to the underlying

federal offense, and that the cross-reference may not be applied if the enhancing offense requires proof of a higher *mens rea* than the underlying federal offense. There is no authority in the Guidelines themselves or in our case law for imposing such additional requirements.

■ In addition, the sentence complies with the Sixth Amendment rule announced in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and interpreted in *United States v. Ameline,* 376 F.3d 967, 2004 WL 1635808 (9th Cir. July 21, 2004). Before appellant's federal sentence was imposed, a jury convicted him beyond a reasonable doubt of the state offense that furnished the basis for the increase of his federal sentence. Thus, the sentence was, in fact, "impose[d] *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely,* 124 S.Ct. at 2537 (emphasis in original).

**AFFIRMED.**