**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Marcos DIEGO–BARRERA,
Defendant—Appellant.**

**No. 05–50541.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 2006.*

Filed May 9, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

**650**

Joanna P. Baltes, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Heather R. Rogers, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: D.W. NELSON, HAWKINS, and PAEZ, Circuit Judges.

MEMORANDUM **

■ Marcos Diego–Barrera appeals the district court's imposition of a 78–month sentence for illegal re-entry after deportation in violation of 8 U.S.C. § 1326. He contends that the government failed to meet its burden of establishing that either of his 1991 convictions under California Health and Safety Code §§ 11351 and 11352 qualified as a "drug trafficking offense" for the purpose of a sentencing enhancement under either 8 U.S.C. § 1326(b)(2) or USSG § 2L1.2(b)(1)(A) (2004).[1]

California Health and Safety Code § 11352 is over-inclusive under the categorical approach of *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See United States v. Navidad–Marcos*, 367 F.3d 903, 907–08 (9th Cir.2004); *see also United States v. Kovac*, 367 F.3d 1116, 1118–19 (9th Cir. 2004); *United States v. Rivera–Sanchez*, 247 F.3d 905, 909 (9th Cir.2001) (en banc).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Diego–Barrera also argues that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), renders unconstitutional 8 U.S.C. § 1326. This argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which we may not overrule. *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989).

California Health and Safety Code § 11351 is also over-inclusive because it criminalizes the "purchase" of a controlled substance, which arguably may be proven even though the defendant never actually or constructively possessed the substance. *See Armstrong v. Superior Court,* 217 Cal. App.3d 535, 540 n. 2, 265 Cal.Rptr. 877 (1990).

Therefore, we must employ *Taylor's* modified categorical approach to determine whether either of Diego–Barrera's prior convictions qualifies as a predicate drug trafficking offense. *United States v. Lopez–Montanez,* 421 F.3d 926, 928, 931 (9th Cir.2005).

We conclude that the documents and judicially noticeable facts presented to the district court do not satisfy the government's burden of establishing "clearly and unequivocally"—not merely by a preponderance of the evidence—that "the conviction was based on all of the elements of a qualifying predicate offense." *Navidad–Marcos,* 367 F.3d at 908; *see also Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 1260, 1261, 161 L.Ed.2d 205 (2005). Therefore, the district court erred by enhancing Diego's sentence based on an insufficient record.

In such circumstances, it is normally appropriate to vacate the district court's sentence and remand for resentencing on an open record. *See United States v. Matthews,* 278 F.3d 880, 882 (9th Cir.2002) (en banc). However, we exercise our discretion to grant the government's request to take judicial notice of the charging documents relating to the 1991 convictions, which the government presented for the first time on appeal. Fed.R.Evid. 201. Considered with the abstract of judgment, the narrow charge that Diego "did unlaw-

fully possess for sale a controlled substance containing heroin" establishes clearly and unequivocally that Diego was charged with a "drug trafficking offense," for the purposes of an enhancement under both 8 U.S.C. § 1326(b)(2) and USSG § 2L1.2(b)(1)(A).

Accordingly, the district court's imposition of the 78–month sentence is AFFIRMED.