**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Francisco ORTEGA–ORTEGA,
Defendant—Appellant.**

No. 05–50565.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2006.

Filed Aug. 16, 2006.

Carla Bressler, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Marisa Lynne Dersey, FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: LAY,* SILVERMAN, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Francisco Ortega–Ortega ("Ortega") appeals his conviction and sentence for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326 (Count 1); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 2); and being an alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A) (Count 4). We reverse his convictions for Counts 1 and 4. We also vacate the sentence imposed for his conviction of Count 2 and remand for resentencing.

1. We reverse and remand Ortega's convictions for Counts 1 and 4 because the district court erroneously precluded Ortega from presenting evidence of his father's U.S. citizenship at trial. While the district court judge did not have the benefit of our subsequent decision in *United States v. Smith–Baltiher*, 424 F.3d 913 (9th Cir.2005) at the time he made those rulings, it is clear now that in prohibiting cross-examination of the government's alienage witness and precluding reference to derivative citizenship in defense counsel's closing argument, the district court deprived Ortega of his right to present evidence challenging an element of the offenses with which he was charged. *See id.* at 921–22 (holding that alienage is an "essential element" of the § 1326 offense and explaining that "barring a defendant from presenting all evidence in support of a cognizable defense, or from challenging an element of the crime, is structural error"). Accordingly, we reverse Ortega's convictions for Counts 1 and 4 and remand for retrial or such other disposition as may be appropriate. *See id.* at 923.

2. Because Ortega's claim that the prosecution violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), relates only to Counts 1 and 4, as the fingerprint expert examined only deportation documents, we do not reach that claim.

3. We vacate Ortega's sentence imposed for his conviction of Count 2 and remand for resentencing, as the district court erred in characterizing his conviction for violation of section 11352 of the California Health and Safety Code as a "drug trafficking offense" under U.S.S.G.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 2L1.2(b)(1)(A). Under *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), section 11352 is not categorically a drug trafficking offense. *See United States v. Kovac,* 367 F.3d 1116, 1119 (9th Cir.2004). The district court was thus required to conduct the "modified categorical" analysis to determine whether "documentation or judicially noticeable facts ... clearly establish that the conviction is a predicate conviction for enhancement purposes," or whether "the statute and the judicially noticeable facts would allow [Ortega] to be convicted of an offense other than that defined as a qualifying offense by the guidelines," in which case the enhancement would not apply, *United States v. Rivera–Sanchez,* 247 F.3d 905, 908 (9th Cir.2001) (en banc) (internal quotation marks omitted). The district court, however, failed to make this determination, instead applying the sixteen-level enhancement without any discussion of whether the documents the government submitted—the judgment and commitment for Ortega's section 11352 violation, and a copy of the information for that charge—satisfied its "burden to establish clearly and unequivocally that the conviction was based on all of the elements of a qualifying predicate offense." *Kovac,* 367 F.3d at 1119. Accordingly, we vacate the sentence for the Count 2 conviction and remand to permit the district court to conduct a second-stage *Taylor* analysis of the judicially noticeable facts in the existing record and to resentence Ortega. *See Rivera–Sanchez,* 247 F.3d at 909.

■ 4. The district court did not fail to adhere to its obligation under 18 U.S.C. § 3553(c)(1) to provide specific reasons for its sentence. Section 3553(c)(1) applies only if the sentence falls outside the applicable range, or if the applicable sentencing range exceeds 24 months, neither of which is the case here. This second condition is triggered only if the *range* exceeds 24 months, not if the sentence itself exceeds 24 months. *See United States v. Howard,* 894 F.2d 1085, 1091–92 (9th Cir.1990). The sentencing range here was only 23 months, the difference between 92 and 115 months.

■ 5. Ortega's argument that application of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), violated the prohibition against ex post facto laws is foreclosed. The ex post facto prohibition does not apply to judicial adjustments to sentencing schemes, and a defendant is not protected from a change in sentencing law merely because it would disadvantage him. *See United States v. Dupas,* 419 F.3d 916, 920–21 (9th Cir.2005) (as amended), *cert. denied,* —— U.S. ——, 126 S.Ct. 1484, 164 L.Ed.2d 261 (2006).

6. Because we vacate the sentence imposed for Ortega's conviction of Count 2, we need not reach Ortega's claim that the district court violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in enhancing his sentence based on prior convictions that were neither admitted nor found by a jury. We note, however, that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which is not limited to its facts, and which controls unless and until the Supreme Court overrules it. *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir.2000).

**CONVICTION FOR VIOLATION OF 8 U.S.C. § 1326 and 18 U.S.C. § 922(g)(5)(A) REVERSED; CONVICTION FOR VIOLATION OF 18 U.S.C. § 922(g)(1) AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING ON THE § 922(g)(1) CONVICTION.**