**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio BARAJAS–RUIZ,**
**Defendant–Appellant.**

**No. 05–30641.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Helen J. Brunner, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, Robert A. Ellis, Esq., USYA–Office of the U.S. Attorney, Yakima, WA for Plaintiff–Appellee.

Richard A. Smith, Esq., Smith Law Firm, Yakima, WA, for Defendant–Appellant.

Fed. R.App. P. 34(a)(2).

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

Antonio Barajas–Ruiz appeals from the 34–month sentence imposed following his guilty-plea conviction for being found in the United States following deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Barajas–Ruiz contends that the district court erred in calculating his sentencing range because it incorrectly applied a 16–level enhancement based on a finding that his 1997 conviction of transportation of controlled substances in violation of California Health & Safety Code § 11352(a) was a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A). This contention has merit.

Here, the district court acknowledged that Barajas–Ruiz pleaded guilty to an amended charge of transportation of heroin and cocaine, which is not a drug trafficking offense, as defined by U.S.S.G. § 2L1.2(b)(1)(A). *See United States v. Almazan–Becerra*, 456 F.3d 949, 953 (9th Cir.2006) ("Almazan–Becerra specifically pled guilty to transporting drugs, which we have held does not qualify for a drug trafficking enhancement"). The district court, however, found that, based on the large quantity of drugs Barajas–Ruiz possessed at the time of his arrest, he intended to distribute them, and was therefore guilty of a drug trafficking offense. Because the district court's findings went be-yond the crime of conviction, the application of the enhancement was improper. *See United States v. Kovac*, 367 F.3d 1116, 1120 (9th Cir.2004).

Ordinarily, such error in calculating the applicable sentencing range is grounds for remand. *See United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006). The government, however, asserts that any error was harmless because the district court stated that it would have imposed the same sentence, regardless of whether an 8–level enhancement or a 16–level enhancement applied. We agree. *See United States v. Menyweather*, 431 F.3d 692, 701 (9th Cir.2005). We therefore affirm the district court.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

