UNITED STATES of America, Plaintiff–Appellee,

v.

Marcos DIEGO–BARRERA, Defendant–Appellant.

No. 05–50541.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 2006.*

Filed Jan. 7, 2008.

Joanna P. Baltes, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Heather R. Rogers, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before D.W. NELSON, HAWKINS, and PAEZ, Circuit Judges.

ORDER

The Petition for Rehearing is GRANTED in part. The Memorandum Disposition filed May 9, 2006, is WITHDRAWN. A new memorandum disposition is filed simultaneously with this order.

The Petition for Rehearing En Banc is DENIED as moot.

MEMORANDUM **

In 2005, Marcos Diego–Barrera pled guilty to illegal re-entry. At his sentenc-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing hearing, the government sought enhancements based on two prior convictions. Previously, Diego–Barrera had pled guilty to "Possession or purchase for sale of designated controlled substances," in violation of Cal. Health & Safety Code § 11351, and "Transportation, sale, giving away, etc., of designated controlled substances," in violation of Cal. Health & Safety Code § 11352. Diego–Barrera objected to the imposition of a sentence enhancement. He argued that the government failed to provide clear and unequivocal evidence that these prior convictions constituted aggravated felonies. The district court rejected this argument and imposed a seventy-eight month sentence.

On May 9, 2006, we issued a memorandum disposition affirming the enhanced sentence. *United States v. Diego–Barrera*, 180 Fed.Appx. 649 (9th Cir.2006). We applied the modified categorical approach to examine the nature of these convictions. *Id.* at 650–51. We held that the record in the district court was insufficient to establish, by clear and unequivocal evidence, that the prior convictions had been based on all of the elements of a qualifying predicate offense. *Id.* However, we took judicial notice of charging documents not presented to the district court. *Id.* The government's appellate brief included the Information Summary from the 1991 proceedings, charging appellant with "unlawfully possess[ing] for sale a controlled substance containing heroin." Red. Br. Appdx. at 2. We determined that this evidence, considered with the abstract of judgment, established that appellant had been charged with a "drug trafficking offense." *Diego–Barrera*, 180 Fed.Appx. at 650. On this basis, we affirmed the upward modification of Diego–Barrera's sentence for illegal re-entry after deportation. *Id.*

On June 21, 2006, Diego–Barrera filed a Petition for Rehearing and a Petition for Rehearing En Banc. We issued an order holding these petitions in abeyance pending the en banc resolution of *United States v. Vidal*, 426 F.3d 1011 (9th Cir.2006), *rev'd en banc*, 504 F.3d 1072 (9th Cir. 2007).

The en banc opinion in *Vidal* breathed new life into Diego–Barrera's argument that the government failed to prove that his 1991 convictions constitute aggravated felonies. The defendant in *Vidal* had a prior conviction for unlawful driving or taking of a vehicle. *Vidal*, 504 F.3d at 1074. The question before the en banc panel was whether that conviction qualified as an aggravated felony by virtue of being a "theft offense." *Id.* Applying the modified categorical approach, the court held that the record did not establish that, by pleading guilty, the defendant admitted to all of the elements of generic theft. *Id.* at 1075. The court stated: "A prior conviction based on an overly inclusive criminal statute that resulted from a guilty plea rather than a jury verdict will support a sentence enhancement only if the record confirms that the plea 'necessarily rested on the fact identifying the [offense] as generic.'" *Id.* at 1086 (quoting *Shepard v. United States*, 544 U.S. 13, 21, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)). The record in that case included the charging document and a written plea, which did not establish that the defendant admitted to the factual allegations in the complaint. *Id.* at 1087. With only these two documents to reference, the court held that the record was insufficient to show that the defendant's guilty plea to an overly broad criminal statute qualified as an aggravated felony offense. *Id.* at 1088–89.

In light of *Vidal*, this court granted Diego–Barrera's Petition for Rehearing and withdrew our previous Memorandum Disposition. In that disposition, we stated: "Considered with the abstract of judg-

ment, the narrow charge that Diego 'did unlawfully possess for sale a controlled substance containing heroin' establishes clearly and unequivocally that Diego was charged with a 'drug trafficking offense,' for the purposes of an enhancement under both 8 U.S.C. § 1326(b)(2) and USSG § 2L1.2(b)(1)(A)." *Diego–Barrera,* 180 Fed.Appx. at 650. However, *Vidal* suggests that this evidence was not enough.[1] Even after taking judicial notice of the charging document, the record does not confirm "that the plea necessarily rested" on the facts identifying this prior conviction as a drug trafficking offense. *See Vidal,* 504 F.3d at 1086.

Accordingly, the government has not met its burden of demonstrating by clear and unequivocal evidence that Diego–Barrera was in fact convicted of a drug trafficking offense. The district court's imposition of a seventy-eight month sentence is VACATED and REMANDED. The district court shall resentence in a manner consistent with *Vidal. See United States v. Matthews,* 278 F.3d 880 (9th Cir.2002) (en banc).

**VACATED AND REMANDED.**

---

1. We take judicial notice of a plea agreement dated December 18, 1991, provided by the San Diego Superior Court. This agreement was not part of the record before the district court. That document demonstrates that here, as in *Vidal,* Diego–Barrera did not admit to the facts in the charging instrument, but rather pled guilty pursuant to *People v. West. See Vidal,* 504 F.3d at 1089.

